**WAL–MART STORES, INC., Petitioner,**

v.

**Flora L. GONZALEZ, Respondent.**

No. 97–1030.

Supreme Court of Texas.

May 8, 1998.

J. Preston Wrotenbery, Houston, for Petitioner.

Charles A. Nicholson, San Antonio, Respondent.

GONZALEZ, Justice, delivered the opinion of the Court, in which HECHT, ENOCH, OWEN and BAKER, Justices, joined.

The question in this slip-and-fall case is what quantum of circumstantial evidence is legally sufficient to support a finding that an unreasonably dangerous condition has existed long enough to charge a proprietor with constructive notice of the condition. The court of appeals held that there was legally sufficient evidence that some macaroni salad had existed on the Wal–Mart floor long

enough to charge Wal–Mart with constructive notice of the condition. 954 S.W.2d 777, 780. We hold that when circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition. Because we conclude that the circumstantial evidence in this case supports only the *possibility* that the dangerous condition existed long enough to give Wal–Mart a reasonable opportunity to discover it, we reverse and render judgment for Wal–Mart.

Flora Gonzalez visited the Rio Grande City Wal–Mart with her daughter and two granddaughters. While walking in a busy aisle from the cafeteria toward a store refrigerator, Gonzalez stepped on some cooked macaroni salad that came from the Wal–Mart cafeteria. Gonzalez slipped and fell, sustaining painful injuries to her back, shoulder, and knee. Gonzalez sued Wal–Mart for negligence. A jury awarded her $100,000 and the trial court rendered judgment on the verdict. The court of appeals, with one justice dissenting, reduced Gonzalez's damages to $96,-700 and affirmed the judgment as modified. 954 S.W.2d at 783.

■ Gonzalez was Wal–Mart's invitee. As such, Wal–Mart owed her a duty to exercise reasonable care to protect her from dangerous conditions in the store known or discoverable to it. *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 536–37 (Tex.1975). However, a land possessor's duty toward its invitee does not make the possessor an insurer of the invitee's safety. *McElhenny v. Thielepape,* 155 Tex. 319, 285 S.W.2d 940, 941 (1956). To recover damages in a slip-and-fall case, a plaintiff must prove:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992); *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 296 (Tex.1983).

■ The central issue in this case is whether Wal–Mart had constructive knowledge of the spilled macaroni. Wal–Mart argues that the evidence is legally insufficient to show that the macaroni had been on the floor long enough to charge Wal–Mart with constructive notice. When reviewing a legal sufficiency point, this court "must consider only the evidence and inferences tending to support the trial court's finding, disregarding all contrary evidence and inferences." *Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996). However, meager circumstantial evidence from which equally plausible but opposite inferences may be drawn is speculative and thus legally insufficient to support a finding. *See Hammerly Oaks, Inc. v. Edwards,* 958 S.W.2d 387, 392 (Tex.1997); *Tubelite v. Risica & Sons, Inc.,* 819 S.W.2d 801, 805 (Tex.1991); *Fifty–Six Thousand Seven Hundred Dollars in U.S. Currency v. State,* 730 S.W.2d 659, 662 (Tex.1987); *Litton Indus. Prods., Inc. v. Gammage,* 668 S.W.2d 319, 324 (Tex.1984); *see also Browning–Ferris, Inc. v. Reyna,* 865 S.W.2d 925, 928 (Tex.1993) (holding that a factual finding must be supported by more than mere surmise or suspicion).

■ No witnesses testified that they had seen or were aware of the spilled macaroni before Gonzalez slipped on it. However, as evidence that the macaroni had been on the floor for a prolonged period of time, Gonzalez testified that the macaroni had mayonnaise in it, was "fresh," "wet," "still humid," and contaminated with "a lot of dirt." Gonzalez's daughter testified that the macaroni had footprints and cart track marks in it and "seemed like it had been there a while." The court of appeals held this evidence legally sufficient to support the verdict, apparently calling for a relaxed burden of proof in slip-and-fall cases when the evidence is scant:

A plaintiff has the obligation to produce the evidence that exists. If a court requires more than is possible to prove, the court has taken over the legislative func-

tion of simply deciding that there will be no negligence cause of action for slip and falls. No court has done this, and the cause of action exists. The great majority of slip-and-fall cases are lost at the trial level and, no doubt, always will be. But this court is not willing to say that an injured person must go beyond the evidence that is created by the operative facts, which would be an impossibility. Of course, there may be cases where there is simply not enough evidence to make a case, even if it is all produced. This is not such a case though.

954 S.W.2d at 779. However, "[t]he fact that proof of causation is difficult does not provide a plaintiff with an excuse to avoid introducing some evidence of causation." *Schaefer v. Texas Employers' Ins. Ass'n,* 612 S.W.2d 199, 205 (Tex.1980); *see also Parker v. Employers Mut. Liab. Ins. Co.,* 440 S.W.2d 43, 46 (Tex.1969). As the dissent in the court of appeals explained, "[t]he harsh reality is that if the plaintiff cannot prove facts to support her cause of action, there is simply no recovery. This is true not only in slip and fall cases, but in all cases." 954 S.W.2d at 784.

Dirt in macaroni salad lying on a heavily-traveled aisle is no evidence of the length of time the macaroni had been on the floor. That evidence can no more support the inference that it accumulated dirt over a long period of time than it can support the opposite inference that the macaroni had just been dropped on the floor and was quickly contaminated by customers and carts traversing the aisle. In *Furr's Supermarkets, Inc. v. Arellano,* 492 S.W.2d 727 (Tex.Civ. App.—El Paso 1973, writ ref'd n.r.e.), another spilled-macaroni case, the court held that testimony that the dried macaroni noodles that caused the plaintiff's fall were "soiled, scattered and appeared as though other persons had passed through the area and had been run over presumably by another cart or carts" was no evidence of the length of time the macaroni noodles had been there. *Id.* at 728; *see also H.E. Butt Grocery Co. v. Rodriguez,* 441 S.W.2d 215, 217 (Tex.Civ.App.—Corpus Christi 1969, no writ) (holding that testimony that the grape on which plaintiff slipped was squashed and muddy, that the floor was dirty, and that pieces of paper were strewn around nearby was no evidence that the grape had been on the floor long enough to charge the store with notice); *H.E. Butt Grocery Store v. Hamilton,* 632 S.W.2d 189, 191 (Tex.App.—Corpus Christi 1982, no writ) (holding that testimony that grapes were stepped on and that the juices from both red and green grapes had blended together was no evidence of how long the grapes were on the floor). There were no comparisons between the dirt on the macaroni salad and the dirt on the surrounding floorspace that would justify the inference, relied on in *H.E. Butt Grocery Co. v. Heaton,* 547 S.W.2d 75, 76 (Tex.Civ.App.—Waco 1977, no writ), that the macaroni salad had been on the floor as long as the surrounding dirt on the floor, or that the dirt on the macaroni salad had dried, suggesting that it had been there for a prolonged period of time.

The presence of footprints or cart tracks in the macaroni salad equally supports the inference that the tracks were of recent origin as it supports the opposite inference, that the tracks had been there a long time. In *Kimbell, Inc. v. Roberson,* 570 S.W.2d 587, 590 (Tex.Civ.App.—Tyler 1978, no writ), the court rejected testimony that two or three tracks that had been made through a syrupy or jelly-like substance on which plaintiff slipped tended to show that the substance had been there long enough to charge the store with constructive notice. The court explained, "It is just as likely that the tracks were made by customers traversing the aisle only minutes or even seconds before plaintiff's fall." *Id.* at 590; *see also Robledo v. Kroger Co.,* 597 S.W.2d 560, 560–61 (Tex.Civ. App.—Eastland 1980, writ ref'd n.r.e.) (recognizing that cart tracks through dirty water was no evidence of constructive notice because they could have been made by another customer minutes before the fall); *Kimbell, Inc. v. Blount,* 562 S.W.2d 10, 13 (Tex.Civ.App.—Austin 1978, no writ) (holding that drying footprints and tracks leading away from puddle of liquid was no evidence that the puddle had been there long enough to put the store on constructive notice).

The testimony that the macaroni salad "seemed like it had been there awhile" is mere speculative, subjective opinion of no

evidentiary value. The witnesses had not seen the macaroni salad prior to the fall and had no personal knowledge of the length of time it had been on the floor. *See Robledo,* 597 S.W.2d at 561 (holding that the trial court committed no error in sustaining objection to plaintiff's testimony that the water "had been there for some time" because the plaintiff had no personal knowledge of how long the puddle had been there); *Roberson,* 570 S.W.2d at 589 (rejecting the assertion of plaintiff—who had been in the store for only ten to fifteen minutes when he fell—that the substance on which he slipped had been there for thirty to forty minutes, stating that "[h]is opinion as to the length of time that it had been there amounts to nothing more than conjecture and therefore does not amount to any evidence at all").

We hold that the evidence that the macaroni salad had "a lot of dirt" and tracks through it and the subjective testimony that the macaroni salad "seemed like it had been there awhile" is no evidence that the macaroni had been on the floor long enough to charge Wal–Mart with constructive notice of this condition. *Compare with Corbin,* 648 S.W.2d at 296 (Tex.1983) ("Corbin's testimony that the grapes lying around him were discolored and ruptured does not tend to prove that the grapes had been on the floor a sufficient time to impute knowledge of their location to Safeway."). Gonzalez had to demonstrate that it was *more likely than not* that the macaroni salad had been there for a long time; Gonzalez proved only that the macaroni salad *could possibly* have been there long enough to make Wal–Mart responsible for noticing it. *See Henderson v. Pipkin Grocery Co.,* 268 S.W.2d 703, 705 (Tex.Civ. App.—El Paso 1954, writ dism'd w.o.j.) ("This rule, while harsh and demanding on plaintiffs, is nevertheless well established and plaintiffs must always discharge the burden of proving that the dangerous condition was either known to the defendant or had existed for such a length of time that he should have known it.").

Because there is no evidence that Wal–Mart had constructive notice of the actual existence of spilled macaroni, this Court grants Wal–Mart's petition for review, and under Texas Rule of Appellate Procedure 59.1, without hearing oral argument, reverses the court of appeals' judgment and renders judgment that Flora Gonzalez take nothing.

PHILLIPS, C.J., and SPECTOR, ABBOTT and HANKINSON, Justices, noted their dissent.