No. 04-96-00806-CV



H. E. BUTT GROCERY COMPANY,


Appellant



v.



Vanessa CUENTO,


Appellee



From the 365th Judicial District Court, Maverick County, Texas


Trial Court No. 93-10-12147-CV


Honorable Amado Abascal, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice 

 Sarah B. Duncan, Justice


Delivered and Filed: August 5, 1998


REVERSED AND RENDERED


 H.E. Butt Grocery Company appeals the judgment in favor of Vanessa Cuento on her
premise liability claim arising out of her fall in an HEB store. We hold the evidence is legally
insufficient to support the jury's finding that HEB had constructive notice of the condition causing
Cuento's fall and therefore reverse the trial court's judgment and render judgment in favor of HEB.

Factual and Procedural Background


 Cuento went to HEB to purchase a bowl of soup. On her way to the check-out stand, she
slipped on what she alleged were flower petals on the floor of the main aisle. Thereafter, Cuento
sued HEB for negligence under a premise liability theory and for violating the Texas Deceptive
Trade Practices-Consumer Protection Act. Although the jury failed to find HEB violated the DTPA,
it found HEB negligent and sixty percent responsible for Cuento's fall. The trial court rendered
judgment on the jury's verdict, and HEB appealed.

Constructive Notice of Premise Defect


 HEB argues there is no evidence to support the jury's finding that HEB had constructive
notice of the premise defect because there is no evidence establishing how long the flower petals had
been on the floor. We agree.

Standard of Review


 In reviewing a legal sufficiency complaint, we review the entire record to determine whether
there is any direct evidence supporting the jury's finding. Formosa Plastics Corp. USA v. Presidio
Engineers and Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998). If there is no direct evidence
supporting the finding, we review the evidence supporting the finding, "in a light most favorable to
the party in whose favor the verdict has been rendered," to determine whether there are any
reasonable inferences "to be indulged in that party's favor." Id.; see also Robert W. Calvert, "No
Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361, 363-364 (1960).
"Anything more than a scintilla of evidence is legally sufficient to support the finding." Formosa
Plastics, 960 S.W.2d at 48. Evidence is less than scintilla when it "is so weak as to do no more than
create a mere surmise or suspicion of its existence" and "reasonable minds cannot differ from the
conclusion that the evidence lacks probative force ...." Calvert, 38 Tex. L. Rev. at 363­364.
Accordingly, "meager circumstantial evidence from which equally plausible but opposite inferences
may be drawn is speculative and thus legally insufficient to support a finding." Wal-Mart Stores, Inc.
v. Gonzalez, 41 Tex. Sup. Ct. J. 811, 812, 1998 WL 226775, at *1 (Tex. May 8, 1998).

Discussion


 "To recover damages in a slip-and-fall case, a plaintiff must prove: (1) Actual or constructive
knowledge of some condition on the premises by the owner/operator; (2) That the condition posed
an unreasonable risk of harm; (3) That the owner/operator did not exercise reasonable care to reduce
or eliminate the risk; and (4) That the owner/operator's failure to use such care proximately caused
the plaintiff's injuries." Id. Actual knowledge of the condition or constructive notice of its existence
can be inferred "because of the length of time that the condition existed." Keetch v. Kroger Co., 845
S.W.2d 262, 266 (Tex. 1992). However, if the plaintiff seeks to prove knowledge or notice in this
manner, there must be evidence or a reasonable inference establishing "it was more likely than not"
the condition had existed for a long enough period of time to charge the owner/operator with
constructive notice of its existence. Wal-Mart, 41 Tex. Sup. Ct. J. at 811, 1998 WL 226775 at *1.

 Cuento concedes there is no evidence HEB either put the flower petals on the floor or had
actual knowledge of their existence. Therefore, Cuento was required to prove "it was more likely
than not" the condition had existed for a long enough period of time to charge HEB with
constructive notice of their existence. However, as in Gonzalez, no witness in this case testified when
the petals fell on the floor or how long they were there. Nor is there any testimony establishing the
petals had been walked on or rolled over by carts. In short, there is not even a scintilla of evidence
tending to establish the flower petals were on the floor long enough to charge HEB with constructive
notice of their existence. We therefore sustain HEB's first point of error, reverse the trial court's
judgment, and render judgment in favor of HEB without reaching its remaining point of error.


 Sarah B. Duncan, Justice

Do not publish




Return to
4th Court of Appeals Opinions