No. 04-00-00373-CV



Mary H. COOLEY,


Appellant



v.



HOME DEPOT, U.S.A., INC.,


Appellee



From the 225th Judicial District Court, Bexar County, Texas


Trial Court No. 99-CI-14608


Honorable Michael Peden, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Phil Hardberger, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: April 4, 2001


AFFIRMED


 Mary H. Cooley appeals the trial court's granting of summary judgment in Home Depot,
U.S.A., Inc.'s favor. We affirm.

Factual and Procedural Background

 Mary H. Cooley filed suit against Home Depot, U.S.A., Inc. after she slipped and fell on a
piece of banding tape left in the aisle of a Home Depot store. In her petition, Cooley essentially
alleged that Home Depot was negligent in failing to maintain the floor in a reasonably safe condition.
Home Depot generally denied Cooley's allegations and claimed that Cooley's injuries were caused,
at least partially, by her own negligence. 

 Home Depot then filed a no-evidence motion for summary judgment. In its motion, Home
Depot alleged that Cooley presented no evidence that it had actual or constructive knowledge of the
condition that allegedly caused her injuries and that there is no evidence to support the notion that
Home Depot failed to exercise reasonable care to eliminate the condition. The trial court granted
Home Depot's motion. Cooley appeals in one issue, claiming she presented some evidence of Home
Depot's knowledge of the condition and its failure to exercise reasonable care.

Standard of Review

 The purpose of a no-evidence summary judgment motion is to pierce the pleadings and to
assess the proof in order to see whether there is a genuine need for trial. Robinson v. Warner-Lambert, 998 S.W.2d 407, 410 (Tex. App.-Waco 1999, no pet.). In reviewing the granting of a no-evidence summary judgment, we consider the evidence in the light most favorable to the respondent
against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence
and inferences. Merrill Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997);
Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.-San Antonio 1998, pet. denied). A no-evidence summary judgment is improperly granted when the respondent brings forth more than a
scintilla of probative evidence that raises a genuine issue of material fact. Tex. R. Civ. P. 166a(i);
Gomez v. Tri City Community Hosp., Ltd., 4 S.W.3d 281, 283 (Tex. App.-San Antonio 1999, no
pet.).



Discussion

 A plaintiff must prove the following elements to recover damages in a slip-and-fall case:

 (1) Actual or constructive knowledge of some condition on the
premise by the owner/operator;


 (2) That the condition posed an unreasonable risk of harm;


 (3) That the owner/operator did not exercise reasonable care to
reduce or eliminate the risk; and


 (4) That the owner/operator's failure to use such care proximately
caused the plaintiff's injuries.


Wal-Mart Stores, Inc. v. Gonzales, 968 S.W.2d 934, 936 (Tex. 1998); Wal-Mart Stores, Inc. v.
Garcia, 30 S.W.3d 19, 22 (Tex. App.-San Antonio 2000, no pet.). In a slip-and-fall case, the plaintiff
establishes the defendant's actual or constructive knowledge of the floor's dangerous condition by
showing either the defendant knew of the dangerous condition and negligently failed to correct it or
the substance creating the dangerous condition was on the floor so long that the defendant, in the
exercise of reasonable care, should have discovered and removed it. See Keetch v. Kroger Co., 845
S.W.2d 262, 264 (Tex. 1992); Garcia, 30 S.W.3d at 22

 Home Depot asserts that Cooley presented no evidence that it had either actual or
constructive knowledge of the banding tape in the aisle. Specifically, in its motion, Home Depot refers
to Cooley's own statements, taken during a deposition, to substantiate its claims. During her
deposition, Cooley was asked whether she noticed if any products, other than lumber, in the store
were wrapped in banding similar to that she allegedly fell on. The following exchange then took place:


 I didn't -- I didn't notice.



 Q. Did you notice any other banding in the aisleway?


 A. I didn't notice.


 Q. Do you know how this banding got to where it was in the
aisleway?


 A. No, I really can't say.


 Q. Do you know how long that banding had been there?


 A. I can't -- I couldn't say.


 Q. Do you know if anyone knew that that banding was there in
the aisleway?


 A. I couldn't say.

 Home Depot asserts that Cooley's own testimony defeats the knowledge element of her cause
of action. Cooley, in her response to Home Depot's motion, included her own affidavit as summary
judgment evidence. In the affidavit, she stated that 

 [s]ince my injury, I have visited the store to determine how the
banding came to be on the floor. By checking the floors and trash, I
found similar banding both on the floors and in the trash. The banding
is removed by employees and should be placed in the trash, not left on
the floor. On occasion the employees either intentionally or carelessly
allow the banding to remain on the floor creating a hazard for
customers. There is no logical reason for a customer to bring banding
into the store or to remove banding from its packaging. Logic and
reason applied to the circumstances show that it was Home Depot
acting through its employees that negligently and carelessly placed the
banding on the floor and allowed it to remain there as a hazard to
customers such as myself.

 These statements, viewed in a light favorable to Cooley, are insufficient to raise a fact issue
regarding whether Home Depot had knowledge that the banding tape was on the floor. Cooley's
opinions do not address whether Home Depot or any of its employees knew about the banding on
the floor at the time she was injured. Her suggestion that store employees intentionally left the
banding tape on the floor and, therefore, must have known about it, is speculative and conclusory.
Conclusory statements are insufficient to defeat summary judgment. See Ryland Group, Inc. v.
Hood, 924 S.W.2d 120, 122 (Tex. 1996). And, there is no evidence indicating how long the banding
was present on the floor.

 Cooley also asserts that because Home Depot employees created the dangerous condition by
leaving the banding on the floor, we should infer that Home Depot had knowledge that the banding
was there. "The fact that the owner or occupier of a premises created a condition that posed an
unreasonable risk of harm may support an inference of knowledge." Keetch, 845 S.W.2d at 265.
However, unless knowledge is uncontroverted, making that inference as a matter of law is improper.
Id. Home Depot denies any knowledge of the banding on the floor. We, therefore, cannot make the
inference that it knew about the condition. Id. Moreover, as stated above, Cooley's testimony that
Home Depot employees were responsible for leaving the banding on the floor is entirely speculative
and conclusory.

Conclusion

 We conclude that Cooley did not raise any genuine issue of material fact about Home Depot's
knowledge of the banding on the floor. See Gonzalez, 968 S.W.2d at 937-38 (finding speculative
opinion is insufficient to show store had constructive notice of the substance on floor). We, therefore,
hold the trial court did not err in granting Home Depot's motion for summary judgment. We affirm
the trial court's judgment.

 Karen Angelini, Justice

DO NOT PUBLISH