**CRAZY WATER RETIREMENT HOTEL et al., Appellants,**

v.

**STATE of Texas et al., Appellees.**

**No. 11–00–00364–CV.**

Court of Appeals of Texas, Eastland.

July 12, 2001.

Tim G. Sralla, Taylor, Olson, Adkins, Sralla & Elam, L.L.P., Ft. Worth, Trey Harlin, Trey Harlin, P.C., Mineral Wells, for appellant.

Ann Hartley, Assistant Attorney General, Financial Litigation Division, Austin, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT and McCALL, JJ.

Opinion

WRIGHT, Justice.

The State of Texas, through State Fire Marshal G. Mike Davis, brought suit against the Crazy Water Retirement Hotel, Limited Partnership and Walker Retirement Services, Inc. d/b/a Crazy Water Retirement Hotel seeking a permanent injunction requiring the Hotel to comply with the State Fire Marshal's order to address fire hazards at the Hotel. The trial court issued a permanent injunction, and the Hotel appeals. We affirm.

Wayne Smith, Director for the State Fire Marshal's Office, testified at the permanent injunction hearing that he received an anonymous call that the Crazy Water Retirement Hotel housed elderly people and that the building was a "fire trap." Deputy Smith assigned Deputy Larry G. Youngblood and Deputy Belinda S. Ambrose to conduct an inspection. The inspection was conducted on January 12, 2000; and the deputies found numerous concerns, including the lack of an automatic sprinkler system, impractical means of emergency escape, an unserviced stand pipe system, and inadequate smoke detection. The State Fire Marshal issued an order based on the deputies' report and required that appellants perform certain remedial action to bring the Hotel up to minimum fire safety standards. Ronald Walker, the operator of the Hotel, did not respond to the order.

On August 9, 2000, Deputy Smith and Deputy Youngblood conducted a reinspection of the Hotel and found numerous dangerous conditions in addition to those found in the January 12 inspection. Deputy Smith testified that most of the condi-

tions found in the January 12 inspection had not been repaired.

In their first issue on appeal, appellants argue that the trial court erred in granting the permanent injunction because the State Fire Marshal had no authority to bring the action. TEX. GOV'T CODE ANN. § 417.008 (Vernon 1998) provides in part:

(c) The state fire marshal shall order the removal of a building or structure or other remedial action if he finds that:

(3) any other condition exists that is dangerous or is liable to cause or promote fire or create danger for fire fighters, occupants, or other buildings or structures.

(d) The occupant or owner of the building or premises shall immediately comply with an order made by the state fire marshal under this section. The state fire marshal may, if necessary, apply to a court of competent jurisdiction for writs or orders necessary to enforce this section, and the court may grant appropriate relief.

(e) The commissioner may adopt by rule any appropriate standard developed by a nationally recognized standards-making association under which the state fire marshal may enforce this section, except that standards adopted by rule under this subsection do not apply in a geographic area under the jurisdiction of a local government that has adopted fire protection ordinances that apply in the geographic area.

Appellants argue that, pursuant to Section 417.008(e), the State Fire Marshal has no authority to bring the action because the City of Mineral Wells has adopted the 1994 edition of the Uniform Building Code and the 1991 edition of the Uniform Fire Code. We disagree.

■ The State Fire Marshal is required to order remedial action when a condition exists in a building that is dangerous, and he is allowed to enforce the order through a court of competent jurisdiction notwithstanding state or local standards. Section 417.008(c) & (d). Section 417.008(e) provides that the State Fire Marshal may enforce the section pursuant to standards adopted by the commissioner of insurance in areas that have not adopted their own standards. Section 417.008(e) does not deprive the State Fire Marshal of the authority to order remedial action to correct dangerous conditions in buildings in geographic areas that have adopted their own fire safety standards; rather, it provides that the State Fire Marshal may not impose the state-adopted standards on those geographic areas. The record shows that the State Fire Marshal did not require the Hotel to comply with the state-adopted standards. The first issue on appeal is overruled.

■ In Issue Nos. 2 through 5, appellants argue that the trial court erred in granting the permanent injunction because the evidence is legally and factually insufficient to show that an automatic sprinkler system is required, because the State Fire Marshal's order requiring the Hotel to install an automatic sprinkler system is arbitrary and capricious, and because the State Fire Marshal exceeded his authority. When reviewing a legal sufficiency point, this court must consider only the evidence and inferences tending to support the trial court's finding, disregarding all contrary evidence and inferences. *Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934 (Tex.1998); *Continental Coffee Products Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996). In determining the factual sufficiency of the evidence, we must consider and weigh all the evidence and should set aside the verdict only if it is so contrary to

the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175 (Tex.1986); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

Section 417.008 authorizes the state fire marshal to enter buildings, recognize dangerous conditions, order remedial action, and enforce that action through the appropriate court. At trial, the State presented evidence that the hotel building is dangerous and poses a risk to the occupants and firefighters. Based upon the inspection, Deputy Smith testified that the Hotel exterior fire escape is inadequate, that the Hotel's evacuation plan is inadequate, and that the interior stairwell is a fire hazard and a conduit for smoke. The State also presented evidence that the most inexpensive way to make the building safe is to install an automatic sprinkler system.

Deputy Smith testified that the State Fire Marshal's order for remedial action was not based upon either the state or local standards but, rather, under the authority of Section 417.008(c).

The State presented additional evidence that, under the Uniform Fire Code adopted by the City of Mineral Wells, the Hotel was required to install an automatic sprinkler system. Robert Lynn Spears, the Deputy Chief of the Mineral Wells Fire Department, testified that, pursuant to the Uniform Fire Code, the Hotel is classified as a Group R, Division 1 building. Deputy Chief Spears stated that Section 904 of the Uniform Building Code requires all Group R, Division 1 buildings to have an automatic sprinkler system. Section 34.01 of the Uniform Building Code provides an exemption for existing structures provided that the use was legal at the time of the adoption of the code and provided that the continued use is not dangerous to life. Deputy Chief Spears stated at the permanent injunction hearing that the continued use of the Hotel in its current condition is dangerous to life. Deputy Smith also testified that the building is dangerous to life and that, therefore, the exemption for existing buildings does not apply. Walker testified that he believes the building falls under the exemption in Section 34.01 of the Uniform Building Code and that the building is not dangerous to human life.

Appellant has not shown that the State Fire Marshal exceeded his authority in requiring the Hotel to install an automatic sprinkler system or that his actions were arbitrary or capricious. We find that the evidence supports the trial court's order requiring the Hotel to install an automatic sprinkler system. Issue Nos. 2 through 5 are overruled.

■ In the sixth issue on appeal, appellants complain that the trial court erred in granting the permanent injunction because the findings were predicated "upon the physical and mental characteristics of the persons occupying the hotel, in contravention of the applicable regulatory codes and existing law." We disagree.

The record shows that the residents of the Hotel have an average age of 85 and that many of the residents have impaired mobility requiring wheelchairs and walkers. The inspection report states that "[e]mergency evacuation of this building is impractical based on the physical condition of the residents." Deputy Smith testified that the physical condition of the residents was taken into consideration. Deputy Smith also testified, however, that the initial determination that the Hotel was dangerous was based upon the building itself. Deputy Chief Spears testified that the building should have an automatic sprinkler system regardless of the physical condition of the occupants. Deputy Chief Spears stated that the physical condition

of the residents "[r]aises the risk" but that his concern was based upon the building's limited exits and lack of protection. The evidence does not support appellants' argument that the trial court's findings were based solely upon the physical condition of the residents. The sixth issue on appeal is overruled.

The judgment of the trial court is affirmed.