In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-092 CV


____________________



1996 PONTIAC FOUR DOOR, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


San Jacinto County, Texas


Trial Cause No. 9948






O P I N I O N


 Corwin Johnson appeals from an adverse ruling in a civil forfeiture proceeding
involving a motor vehicle that he was alleged to have used in transporting a controlled
substance, an offense to which Johnson pleaded no contest. Johnson brings three issues. 
In the first two, he attacks the legal and factual sufficiency of the evidence, and, in the
third, maintains the trial court erred in striking the intervention petition of Wanda Maiden,
his mother. Maiden did not appeal. 

 Johnson purchased a 1996 Pontiac from a used car lot. He paid for the car with a
cashier's check from Genco Credit Union. The cashier's check used for payment shows
that Wanda Maiden, Johnson's mother, was the maker of the check. However, the car was
registered solely in Johnson's name, with no lien holder being shown. Johnson's mother
accompanied him to the car lot on his first visit, but he came by himself on the day he
purchased the car. 

 Approximately three months after the purchase, Johnson was stopped by Trooper
Kevin Franklin for speeding; Johnson was driving the car fifty-eight miles per hour in a
fifty mile per hour zone. During the stop, Johnson appeared nervous to Trooper Franklin. 
In answer to Franklin's questions, Johnson stated he had a clean driving record and had
never been arrested. But, Franklin's check of Johnson's driver's license revealed that
Johnson had a criminal record. According to Franklin, Johnson's hands were shaking and
he "kept stretching his arms out over his head as an anxiety release. What is commonly
referred to as a - felony stretch . . .." 

 After issuing Johnson a warning citation, Franklin informed Johnson that part of
Franklin's job was "criminal interdiction." Franklin asked Johnson for permission to
search the car, which Johnson said he owned, and Johnson consented. Franklin found a
set of electronic scales underneath the front passenger's seat. Johnson stated the scales
were for mailing packages. Franklin testified that in three of his previous cases scales
were present when drugs were found. Franklin also testified that such scales often were
used to weigh drugs before a sale. 

 Penny, a narcotics detection dog who was with Franklin that day, then searched the
car. Penny started scratching and biting at the carpet between the console and rear seat. 
According to Franklin, this behavior is Penny's "alert on a narcotic odor." In a false
compartment underneath the console, Franklin found narcotics, determined by lab analysis
to be crack cocaine. The owners of the car from 1996 to 1999 never noticed a false
compartment under the console. While the used car dealer who sold the car to Johnson
cleaned out the car and removed personal effects when he bought it, he did not search
underneath the console during this process. 

 The trial court took judicial notice of Johnson's admission in his criminal case that
he, on the day of the traffic stop, intentionally and knowingly possessed a controlled
substance. 

 On the morning of trial, Maiden filed a pro se intervention, which the State moved
to strike. In Johnson's discovery responses, Maiden had not been included as a party
claiming an interest in the car. In response to the trial court's questions, Maiden stated she
decided to file the intervention several months before when Johnson's attorney learned she
bought the car. Johnson's counsel stated he had prepared the intervention and given it to
Maiden for her to file. The trial court disallowed the intervention as untimely. 

 Under chapter 59 of the Texas Code of Criminal Procedure, property that is
contraband is subject to seizure and forfeiture. See Tex. Crim. Proc. Code Ann. art.
59.02(a) (Vernon Supp. 2001). "Contraband" means property of any nature, including
real, personal, tangible, or intangible, that is used or intended to be used in the
commission of any felony under chapter 481 of the Texas Health and Safety Code, the
Texas Controlled Substances Act. See Tex. Crim. Proc. Code Ann. art. 59.01(2)(B)(i)
(Vernon Supp. 2002). The offense of knowingly or intentionally possessing cocaine in the
amount of four grams or more, but less than 200 grams is a second degree felony under
the Controlled Substances Act. See Tex. Health & Safety Code Ann. §§ 481.115(d), 
481.102(3)(D) (Vernon Supp. 2002).

 In seeking forfeiture, the State must prove by a preponderance of the evidence that
the seized property is subject to forfeiture. See 1.70 Acres, .20 Acres, and .28 Acres of
Real Property and Structures Thereon (Mizell) v. State, 935 S.W.2d 480, 483 (Tex. App.--Beaumont 1996, no writ); Tex. Crim. Proc. Code Ann. art. 59.05(b) (Vernon Supp.
2001). The proof may be circumstantial evidence. State v. $11,014.00, 820 S.W.2d 783,
785 (Tex. 1991). In forfeiture proceedings, the State must show probable cause for seizing
a person's property. State v. $11,014, 820 S.W.2d at 784. "Probable cause in the context
of forfeiture statutes is a reasonable belief that a 'substantial connection exists between the
property to be forfeited and the criminal activity defined by the statute.'" $56,700 in U.S.
Currency v. State, 730 S.W.2d 659, 661 (Tex. 1987) (quoting United States v. $364,960,
661 F.2d 319, 323 (5th Cir.1981)). 

 In his first issue, Johnson attacks the legal sufficiency of the evidence supporting
the forfeiture. When reviewing a legal sufficiency challenge, we "must consider only the
evidence and inferences tending to support the trial court's finding, disregarding all
contrary evidence and inferences." Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934,
936 (Tex. 1998)(quoting Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450
(Tex.1996)). "Anything more than a scintilla of evidence is legally sufficient to support
the finding." Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex.
1996). Here, more than a scintilla of evidence exists in this forfeiture proceeding to
establish probable cause, i.e., a reasonable belief that a "substantial connection exists
between the property to be forfeited and the criminal activity defined by the statute."
$56,700 in U.S. Currency, 730 S.W.2d at 661. Issue one is overruled.

 In his second issue, Johnson asserts the evidence was factually insufficient to
connect the forfeited property with the sale or delivery of a controlled substance or other
criminal activity. In reviewing the factual sufficiency of the evidence, we examine all the
evidence and will set aside a verdict only if the evidence is so weak or the finding is so
against the great weight and preponderance of the evidence that it is clearly wrong and
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). 

 Johnson was driving a vehicle registered in his name in which crack cocaine was
found hidden in a false compartment, and scales were hidden under the front seat. The
trial court took judicial notice that Johnson pleaded "no contest" in the related criminal
proceeding. The State has proven in a factually sufficient manner that the seized property
is subject to forfeiture. The State has established, by a preponderance of the evidence, that
it is reasonable to believe a "substantial connection" exists between the vehicle (the
property to be forfeited) and the intentional and knowing possession of a controlled
substance (the statutorily defined criminal activity). Issue two is overruled.

 In his third issue, Johnson contends the trial court abused its discretion in denying
the intervention of Wanda Maiden, which, Johnson argues, also prejudiced him. 
However, Johnson does not explain how the denial of Maiden's intervention prejudiced
him and does not provide authorities to support his argument as required by Tex. R. App.
P. 38.1(h). Maiden did not appeal. (1) Issue three is overruled.

 The trial court's judgment is AFFIRMED.

 




 DON BURGESS

 Justice


Submitted on December 10, 2001

Opinion Delivered January 10, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. Because Maiden did not appeal, we are without jurisdiction to consider the
"innocent owner" arguments Johnson raises on her behalf. See Tex. R. App. P.
25.1(b),(c).