DENNIS, Circuit Judge,
dissenting:
Because I believe the majority does not apply Federal Rule of Civil Procedure 50 as interpreted in Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), and therefore encroaches on the province of the jury, I respectfully dissent.
The facts in this slip and fall diversity tort suit are straightforward. On Sunday, July 28, 1996, at about 5:00 p.m., Billie Jo Dixon, a 56-year-old homemaker, tripped and fell while shopping at a Wal-Mart store in Longview, Texas. The accident occurred when Dixon, after paying for pizza and milk at one of the 29 checkout stands, walked away from the cash register and turned left, intending to exit the store. Approximately two feet from the *321 register, Dixon’s feet became entangled in a rope-like piece of plastic lying loose on the floor. As a result of the entanglement, Dixon fell face forward to the floor. The fall rendered her unconscious and caused bleeding from her left eye and knee. Paramedics took Dixon to a local hospital emergency room where she received treatment. After the fall Dixon remained “dazed,” and continued to experience dizzy spells, weakness, and tingling in her right arm and hand. The piece of plastic that caused Dixon’s fall appeared to be a plastic binder commonly used to hold together stacks of magazines or newspapers, or merchandise.
Dixon filed suit against Wal-Mart in Texas state court seeking recovery for damages she suffered because of the accident. Wal-Mart removed the case to federal court under our diversity jurisdiction. A full jury trial followed, with the jury finding Dixon and Wal-Mart each 50% responsible for the accident. Finding total damages of $125,000, the jury awarded Dixon $62,500. The district judge denied Wal-Mart’s Federal Rule of Civil Procedure 50 motion for judgment as a matter of law (JMOL), and Wal-Mart appealed.
The applicable legal standards here are accurately summarized by the majority. When considering a Rule 50 motion for judgment as a matter of law following a jury verdict, we must be “especially deferential” to the jury’s findings. Brown v. Bryan County, Okla., 219 F.3d 450, 456 (5th Cir.2000). We may grant a JMOL only where upon reviewing the entire record, we find that there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party on an issue. Fed R. Civ. P. 50(a). In evaluating the record, we must make all reasonable inferences for the non-moving party, and disregard all evidence from the moving party that a jury is not required to credit. Reeves, 530 U.S. at 150-51, 120 S.Ct. 2097 (2000). And of course, we must remember that “[cjredibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
Under Texas state law to recover in this slip and fall suit, Dixon must prove by a preponderance of the evidence:
1. Actual or constructive knowledge of some condition on the premises by the owner/operator;
2. That the condition posed an unreasonable risk of harm;
3. That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
4. That the owner/operator’s failure to use such care proximately caused the plaintiffs injuries.
Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex.1992). As the majority correctly notes, the only issue on appeal is whether Dixon presented the jury a “legally sufficient evidentiary basis” for it to find that Wal-Mart had constructive notice of the plastic binder’s hazardous presence on the store’s floor.[1]
Dixon established constructive notice through circumstantial evidence, using the standard provided in Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934 (Tex.1998). In that case the Texas Supreme Court explained that to establish constructive notice through circumstantial evidence, that evidence must prove that it is *322 “more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition.” Id. at 936. Thus, as the majority notes, Dixon’s evidentiary burden is to establish that the plastic binder was on the floor for a sufficiently long period of time that Wal-Mart had a reasonable opportunity to correct that condition. And where, as here, the hazard was in constant close proximity to Wal-Mart employees, the reasonable, time period needed to correct the defect is shorter than in cases where there are no agents of the premises owner near the danger. Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 816 (Tex.2002).
To meet this burden Dixon introduced evidence establishing that the plastic binder on which she tripped was similar to the plastic rope used to tie bundles of magazines and newspapers that are delivered to the registers at least once daily. Greg Smith, Wal-Mart store director, explained that magazine vendors used the plastic binders to bundle their merchandise until they placed the reading materials in racks at the checkout stands. He testified that the magazine handlers would typically “go back to our receiving area with a shopping cart and get the banded magazines together. They take them up front. They bust the bands on them and they stock the registers.” He stated that the newspaper racks usually were stocked between 4:30 a.m. and 5:00 a.m., and that the magazines usually were restocked between 8:00 a.m. and 9:00 a.m., but that on occasions of heightened demands either or both might be restocked later in the day.[2] Based on this evidence a jury reasonably could have concluded that the binder was on the floor near the registers from the morning magazine restocking until the 5:00 p.m. accident, and therefore, Wal-Mart had a reasonable amount of time to remedy the danger, making it liable for Dixon’s injuries.
In response to Dixon’s evidence which supports a jury finding of constructive notice, the majority notes in expansive detail the testimony of various Wal-Mart employees regarding the store cleaning policy. It then uses this uncontradicted testimony to “find” that Dixon’s theory that the binder was dropped in the morning magazine delivery cannot be the basis of a reasonable jury finding of constructive notice. The majority is cryptic as to whether this is a “finding” of fact or law. But in either case the majority oversteps its role.
If the majority was making a factual finding on the basis of testimony a jury was required to credit, it misstates the record when it suggests that more than the existence of a store cleaning policy was uncontradicted in the Wal-Mart employee testimony. Wal-Mart cites no employee testimony stating that this policy was carried out on the day in question in the area in which Dixon fell.[3] Rather, the majority infers textbook execution of store policies from mere evidence that the policies had been formulated. But the jury was free to believe that the cleaning policy had not been carried out. And therefore this court *323 on review cannot make an inference favorable to Wal-Mart, given the Supreme Court’s clear directive that when considering a motion for a JMOL a court cannot make inferences for the moving party that the jury was not required to make. Reeves, 530 U.S. at 150-51, 120 S.Ct. 2097.
If the majority is crafting a new rule of law, it is on even shakier ground. The majority asserts that it is applying the “converse” principle to Gonzalez, which is that there is a maximum time period that a plaintiff may establish a hazard was present and still establish premises liability. The majority gives no support in Texas ease law for this proposition.[4] And given that logic belies a converse principle to Gonzalez, this is not surprising. Gonzalez speaks to the policy determination made in Texas that premises owners are not insurers of their invitees’ safety. As a result, a hazard must have been in place sufficiently long that a proprietor has a reasonable opportunity to detect and correct it. There can be no “converse” of this proposition because the greater the amount of time a hazard is present, the more unreasonable is the premises owner for failing to correct it.
I believe the effect of the majority opinion is to apply a new presumption in favor of premises owners: where a premises owner has a policy regarding hazards, it is presumed that policy is carried out in each case. Thus, the existence of a store cleaning policy here means that we presume a plastic binder could not have been on the store floor for eight hours in contravention of the policy (albeit subject to rebuttal by the invitee). By creating such a presumption not only does the majority exceed the bounds of our diversity jurisdiction by creating new, unsupported mandatory inferences in state tort law, Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co., 174 F.3d 653, 656 (5th Cir.1999) (role of federal courts sitting in diversity is to decide cases as the highest state court would decide them), but it also tramples upon the jury’s role as arbiter of credibility and fact. Liberty Lobby, 477 U.S. at 255, 106 S.Ct. 2505. I would, therefore, uphold the jury verdict and affirm the judgment of the district court.

. Wal-Mart concedes that the other three prongs of the slip and fall liability test are met here.

. There was no evidence that there had been an afternoon or late-morning restocking on the day of Dixon’s fall because Wal-Mart does not maintain records of magazine and newspaper restocking.

. Jean Chatham, Wal-Mart front-end manager, indicated in her deposition testimony that she checked the front area of the store five minutes prior to an accident in the store. But her description of the accident and the person who reported falling do not match the incident here, and Wal-Mart itself admits that her testimony is of a different incident. Thus the majority's assertion that "the particular area in which Dixon fell had been inspected most recently approximately five minutes before her accident” is simply not supported by the record.

. In response to this criticism, the majority claims it derives support for this rule from a "reasonableness" principle applied by the Texas Supreme Court. But as I explained above, Dixon's theory of constructive notice is unreasonable only if you infer from the existence of a store cleaning policy, execution of that policy. By so doing, the majority makes an inference the jury was not required to make for the moving party, and therefore oversteps the bounds of its Rule 50 review. Reeves, 530 U.S. at 150-51 (2000).