IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00053-CV

 

Alice & Lloyd Kofahl,

                                                                      Appellant

 v.

 

Randall's Food & Drugs, Inc.,

f/d/a Tom Thumb Food & Drug,

                                                                      Appellee

 

 

 



From the 44th District Court

Dallas County, Texas

Trial Court # DV00-02808-B

 



DISSENTING Opinion



 








            This is a slip and fall case.  It is unnecessary to the Court’s disposition
of this case to address the merits of the fourth issue.  It is, therefore, dicta.  I would not address it.

          Based
upon Wal-Mart Stores v. Gonzalez, 968
S.W.2d 934, 937-938 (Tex. 1998) I would hold that the meager statements
describing the liquid in which Alice Kofahl allegedly slipped are no evidence
to support constructive notice of its presence on the floor.

          The
Court also fails to address the issue raised by Randall’s regarding the failure
of the appellants to challenge one of the grounds upon which summary judgment
could have been independently granted against Lloyd Kofahl.  The judgment was not challenged on all
possible grounds on which it could have been granted, and it should, therefore,
be affirmed.

          For
the foregoing reasons, the judgment of the trial court should be affirmed.  Because the Court reverses the judgment in
part, I respectfully dissent.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Dissenting
opinion delivered and filed August 25, 2004






nefit from additional treatment in TYC.
      TYC unanimously recommended that D.T. be transferred to prison. The prosecutor echoed
that recommendation.
      D.T. contends that Cucolo did not testify about all the factors listed in the family code and
was incorrect in what he did testify about. As we stated earlier, the State is not required to
produce evidence on all the listed factors. And, an abuse of discretion does not exist if the court
bases its decision on conflicting evidence.
      D.T. also contends that TYC did not provide him with the opportunity to advance in his
behavior and treatment because it did not place him in a specialized sex offender program. The
Ellis County Juvenile Probation Department and an early psychological evaluation recommended
such treatment. However, D.T. had been afforded the opportunity to participate in a sex offender
program in Dallas before his commitment to TYC. After almost five months, D.T. made little
progress toward successful completion of the program. D.T. had limited participation in the
program and his parents were uninvolved in his treatment. Generally, his parents were
uncooperative with the juvenile justice system. But because D.T. had not progressed in the
general resocialization program at TYC, he was not a candidate for the sex offender’s program.
Application
      After reviewing the entire record, we hold that the court did not abuse its discretion. D.T.’s
sole issue is overruled.
Conclusion
      Having overruled D.T.’s sole issue on appeal, the court’s order transferring D.T. to prison
is affirmed.
                                                                   TOM GRAY
                                                                   Chief Justice
Before Chief Justice Gray,
      Justice Vance, and
      Judge Strother (Sitting by Assignment)



Affirmed 
Opinion delivered and filed December 31, 2003
[CV06]