Opinion Issued June 1, 2006
















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00833-CV




LEONARD EUBANKS, Appellant

V.

PAPPAS RESTAURANTS, INC. and PAPPAS PARTNERS, L.P., Appellees




On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2004–21000




DISSENTING OPINION
          I dissent. In a slip-and-fall case, an owner/operator has a duty to exercise
reasonable care to protect its invitees from conditions on its premises (1) that pose an
“unreasonable risk of harm”; (2) of which the owner/operator had actual or
constructive knowledge; (3) which he did not use reasonable care to reduce or
eliminate; and (4) which proximately caused the plaintiff’s injuries. See Wal-Mart
Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998).
          Appellant has produced no evidence upon which a jury could base a reasonable
conclusion that “mud” or “slime”—words used interchangeably by appellant in the
deposition testimony quoted by the majority—on the pavement in appellees’ parking
lot next to a flower bed after a rain constituted an unreasonably hazardous condition
sufficient to subject appellees to premises liability. Nor could he, in light of the
Texas Supreme Court’s holding in M.O. Dental Lab v. Rape, 139 S.W.3d 671 (Tex.
2004). In that case, the plaintiff, Rape, slipped and fell on the pavement outside the
dental lab after a rain. Id at 672–73. According to the supreme court, Rape alleged
that she parked her car along the side of the business and, as she was walking from
her car toward the entrance of the building, she slipped and fell on a “slippery mud
substance.” She claimed the substance had accumulated on the parking lot sidewalk. 
Id. at 672. The supreme court held:
Ordinary mud that accumulates naturally on an outdoor concrete
slab without the assistance or involvement of unnatural contact is,
in normal circumstances, nothing more than dirt in its natural
state and, therefore, is not a condition posing an unreasonable risk
of harm.

Id. at 676. The court reasoned,
Holding a landowner accountable for naturally
accumulating mud that remains in its natural state would be a
heavy burden because rain is beyond the control of landowners. 
Most invitees in Texas will encounter natural conditions
involving ordinary mud regularly, and accidents involving
naturally accumulating mud and dirt are bound to happen,
regardless of the precautions taken by landowners.

Id. The circumstances in this case are identical, and the same reasoning applies. 
          Appellant had the burden of expressly presenting to the trial court any fact
issues that defeated summary judgment and presenting any summary judgment proof
necessary to establish a fact issue. See City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979). Under Rape, appellant could carry this burden
only by raising a fact issue, i.e., presenting evidence, that the “substance” he slipped
on was not “naturally accumulating mud and dirt.” See Rape, 139 S.W.3d at 676. 
This he utterly failed to do. As appellee points out in its brief, “No where in the
record is there any testimony, any documentation, or any proof, nor in any case cited
by EUBANKS, is there any authority, whatsoever, that dirt in a flower bed is not ‘the
natural state of dirt.’”



          The majority cites the use of the word “slime” in appellee’s employee’s report
as “evidence” that raises a fact issue for trial. And appellant likewise states in his
brief, “[Y]es, it was an argument based on semantics.” If so, it is an argument
appellant loses on the law. Neither a semantic difference in the words appellant used
to describe the substance on which he slipped nor a report of what appellant claimed
to have slipped on is evidence of what the substance actually was. Appellant himself
cites as evidence his own deposition testimony that he slipped on “slimy mud” that
“looked like somebody had raked up a bunch of leaves and picked up all the leaves,
but kind of left the dirt.” I see no way to characterize this “substance” as anything
more than “[o]rdinary mud that accumulates naturally on an outdoor concrete slab
without the assistance or involvement of unnatural contact.” Rape, 139 S.W.3d at
676. Thus, I conclude that appellant slipped on “nothing more than dirt in its natural
state,” which, as a matter of law, constitutes no evidence of a hazardous condition
that poses an unreasonable risk of harm to an invitee. See id.; see also Wal-Mart
Stores, Inc. v. Surratt, 102 S.W.3d 437, 441, 445 (Tex. App.—Eastland 2003, pet.
denied) (holding that “a premises owner/operator does not have a duty to protect its
invitees from conditions caused by a natural accumulation of frozen precipitation on
its parking lot because such an accumulation does not constitute an unreasonably
dangerous condition”). Accordingly, I would hold that appellees proved their
entitlement to summary judgment. 
          I would affirm the judgment of the trial court.




                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Hanks.
Justice Keyes, dissenting.