# CONCURRING AND DISSENTING OPINION

No. 04-09-00392-CV

**TOTAL CLEAN, LLC**,
Appellant

v.

**COX SMITH MATTHEWS, INC.**
f/k/a Cox & Smith Inc. and Renee F. McElhaney,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-05718
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by: Steven C. Hilbig, Justice
Concurring and Dissenting Opinion by: Sandee Bryan Marion, Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed: October 20, 2010

I concur with the majority's opinion in all respects except for its conclusion that a fact issue exists on whether Judge Royal Furgeson made the alleged comment to Renee McElhaney about shortening trial time. Here, the ultimate fact—the fact on which Total Clean's entire case is based and the fact on which the appellees base their motion for a no-evidence summary judgment—is an alleged lie by McElhaney about her conversation with Judge Furgeson. In my opinion, there is simply no evidence of a lie in this matter and I would affirm the no-evidence summary judgment.

Judge Furgeson could not remember whether he made the comment, and the majority's conclusion that evidence of his habit and practice is sufficient to raise a fact issue is premised on Texas Rules of Evidence 401 and 406, as well as the Texas Supreme Court's opinion in *Acker v.*

*Texas Water Commission*, 790 S.W.2d 299, 302 (Tex. 1990) (holding that habit or custom of a person doing a particular act is relevant in determining his conduct on a particular occasion). However, I believe the resolution of this case turns on the application of the "equal inference" rule. *See Lozano v. Lozano*, 52 S.W.3d 141 (Tex. 2001).

Under the "equal inference" rule, when circumstances are consistent with either of two facts and nothing shows that one is more probable than the other, neither fact can be inferred. *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 392 (Tex. 1997); *Litton Indus. Prods., Inc. v. Gammage*, 668 S.W.2d 319, 324 (Tex. 1984); *Bay Rock Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 298 S.W.3d 216, 229 (Tex. App.—San Antonio 2009, pet. denied). "[M]eager circumstantial evidence from which equally plausible but opposite inferences may be drawn is speculative and thus legally insufficient to support a finding." *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). "[W]hen the circumstantial evidence is so slight that any plausible inference is purely a guess, it is in legal effect no evidence." *Lozano*, 52 S.W.3d at 148.

Here, both Mr. and Mrs. Nami do not dispute there is no direct evidence supporting their contention that McElhaney lied. Instead, the response to the appellees' no-evidence motion for summary judgment relies almost exclusively on circumstantial evidence, predominantly in the form of Judge Furgeson's deposition testimony. When Judge Furgeson was asked during his August 2008 deposition if he could recall "deciding or entering an order or telling the lawyers in this case that [he] was going to limit them to five days of trial," he responded, "I just don't have any recollection about that one way or another. I don't – I just don't recall." Later, when asked more specifically if he remembered telling McElhaney he was going to limit the trial to five days, he responded as follows: "I don't have any recollection of having a discussion with Ms.

McElhaney about the trial date. I just have no recollection. I'm not saying I – *it is possible that I had a discussion with her, but I have no recollection of it*." [Emphasis added.] In my opinion, this testimony does not raise a fact issue regarding the alleged conversation. *Rankin v. Union Pac. R. Co.*, No. 04-09-00454-CV, 2010 WL 1233500, at *5 (Tex. App.—San Antonio Mar. 31, 2010, no pet.) ("The fact that a witness does not remember hearing the whistle or horn sounding is not probative evidence of any failure to sound the train's whistle or horn.").

Although Judge Furgeson testified it was not his normal practice to limit trial time, when asked whether he would remember a conversation where he cut a trial from three weeks to one week, he responded "I don't know if I would remember." And although the judge agreed it would be "out of the ordinary for me to do it," and he tended not to discuss pending cases in social settings, he also conceded he might "make a careless statement about a case." Judge Furgeson's testimony about his common practice shows circumstances consistent with one of two inferences: he did not make the comment or he carelessly made the comment but could not recall doing so. Other than Judge Furgeson's deposition testimony, Total Clean only offered a transcript of a June 2003 pretrial discussion at which the lawyers estimated the length of trial at three weeks. However, the lawyers' estimation of a three-week trial does not make the ultimate fact—whether McElhaney lied—more or less probable.

I believe Total Clean's summary judgment evidence amounts to mere suspicion of a lie and, therefore, was insufficient to raise a fact issue. Although circumstantial evidence may be used to establish any material fact, it "must transcend mere suspicion." *Lozano*, 52 S.W.3d at 149. Evidence that is mere surmise or suspicion is no evidence. *See Reynosa v. Huff*, 21 S.W.3d 510, 512 (Tex. App.—San Antonio 2000, no pet.). Judge Furgeson's testimony that it was possible he made the comment to McElhaney but he could not recall doing so would require the

jury to speculate about whether he did or did not make the comment.  Also, Judge Furgeson's practice of discussing a case only when all attorneys are present contrasted with his acknowledgement that he may have made a "careless statement" leads only to more speculation about what, if anything, he said to McElhaney.  Because Judge Furgeson's practice and habit still would require a jury to speculate, it amounts to "no evidence."  Accordingly, I do not believe the trial court erred in granting a no-evidence summary judgment in favor of the appellees.

Sandee Bryan Marion, Justice