The majority’s opinion (1) does not address a competing inference raised
by the evidence that this court must consider under the no-evidence standard of
review, as set forth by the Texas Supreme Court in Keller, (2) conflicts with
the Texas Supreme Court











                                                                                                                             

 

NUMBER 13-09-00177-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI – EDINBURG                                       




JOSEPH
ANTHONY RIVAS,                                                        Appellant,

 

v.

 

MPII,
INC. D/B/A MISSION PARK

FUNERAL
CHAPELS SOUTH,                                                    Appellee.

 



                             On
appeal from the 57th District Court

Of Bexar County, Texas.

 



DISSENTING
MEMORANDUM OPINION 

Before Chief Justice Valdez and Justices
Rodriguez and Perkes

Dissenting Memorandum Opinion by Justice
Perkes

 

The majority’s opinion (1)
does not address a competing inference raised by the evidence that this court
must consider under the no-evidence standard of review, as set forth by the Supreme
Court of Texas in City of Keller v. Wilson, 168 S.W.3d 802, 814 (Tex.
2005); and (2) conflicts with the Supreme Court of Texas’s precedents on the
time-notice rule.  For these reasons, I respectfully dissent.

This lawsuit is a premises
liability case.  Rivas relies exclusively on constructive knowledge of a
dangerous condition on the premises, there being no evidence that Mission Park
had actual knowledge of such a condition. “Constructive notice is a substitute
in the law for actual knowledge.”  CMH Homes, Inc. v. Daenen, 15 S.W.3d
97, 102 (Tex. 2000).  As the Supreme Court of Texas has explained, the rule
requiring proof that a dangerous condition existed for some length of time
before a premises owner may be charged with constructive notice is firmly
established in Texas jurisprudence.  Wal-Mart Stores, Inc. v. Reece,
81 S.W.3d 812, 815 (Tex. 2002).  The time-notice rule applies outside the
slip-and-fall context and applies to premises conditions that are subject to
deterioration.  CMH Homes, 15 S.W. 3d at 102.  The rule avoids the
imposition of strict liability on premises owners for conditions that result in
injury, and the rule applies even if it makes a case difficult to prove.  See
id.  

In Wal-Mart v. Spates,
the Supreme Court of Texas held that evidence that a clear, plastic six-pack
ring was on the floor in close proximity to a Wal-Mart employee for thirty to
forty-five seconds was legally insufficient to support a finding of
constructive notice of the condition.  186 S.W.3d 566, 567-68 (Tex. 2006) (per
curiam).  The court concluded it would be “pure speculation” to “assume that
the employee should have seen it” without evidence the condition existed for an
extended period of time before the plaintiff’s fall.  Id. at 568.  In this
case, there is no evidence in the record that the hole existed prior to Rivas’s
fall.  Because there is no evidence that the hole existed long enough prior to
Rivas’s fall to make it discoverable by reasonable inspection, the trial
court’s judgment should be affirmed.  

The majority concludes that,
based on circumstantial evidence that the hole was big, a jury could reasonably
infer the hole existed long enough to give Mission Park reasonable opportunity
to discover it.  Time, however, cannot be presumed solely from the size of the
hole and there is no evidence that the hole was created other than
simultaneously with the fall.  In Fuller v. City of Kirkland, the court
affirmed summary judgment because there was no evidence the hole in which a
funeral attendee stepped existed prior to the moment he stepped on what he
believed to be solid ground.[1] 
Fuller v. City of Kirkland, No. 43536-1-I (Wash. Ct. App., Oct. 25, 1999),
1999 WL 969618, at *1–2 (not designated for publication).  The plaintiff in Fuller
stated that on his first step en route to the casket area, the ground
“opened up into” a large hole and a large rock or piece of broken concrete
slipped into the hole with him.  Id. at *1.   In reaching its
conclusion, the court stated it would be speculation to conclude the hole
existed prior to the fall.  Id. at *2.  

As in Fuller, the
evidence in the summary-judgment record is that the event was unprecedented.  See
id. at *1.    In reaching its decision, the majority does not
consider evidence in the record that supports an inference that a cave-in
occurred.  This is a competing inference that must be considered under
controlling precedent from the Supreme Court of Texas.  Under the no-evidence
standard of review, “when the circumstantial evidence of a vital fact is
meager, a reviewing court must consider not just favorable but all the
circumstantial evidence, and competing inferences as well.”  City of Keller,
168 S.W.3d at 814; Marathon Corp. v. Pitzner, 106 S.W.3d 724, 727-28
(Tex. 2003).  This rule applies in no-evidence summary-judgment cases.  See Keller,
168 S.W.3d at 823.  As quoted by the majority, “meager circumstantial
evidence from which equally plausible but opposite inferences may be drawn is
speculative and thus legally insufficient to support a finding” that a premises
condition existed long enough for a premises owner to discover it.  Wal-Mart
Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998).  In Gonzalez,
the supreme court held that the presence of footprints or cart tracks in
macaroni salad on the floor was no evidence of the length of time the condition
existed because the tracks equally supported the inference the condition was of
recent origin and the opposite inference that the condition had existed for a
long time.  Id. at 937. 

In this case, the evidence
concerning the size of the hole, when considered in context, is consistent with
an inference that the hole resulted from a cave-in and came into existence the
moment Rivas stepped on the Astroturf.  Because time cannot be presumed from
size alone as a matter of logic, the evidence the majority cites cannot support
the opposite inference that the hole existed long enough for Mission Park to
discover it.  The majority does not address the cave-in evidence though it is
bound to do so under Keller.  See City of Keller, 168 S.W.3d at
814.  

Rivas testified that
Astroturf surrounded the grave and extended “up to” the area where there was
grave-side seating for funeral attendees.  He testified that just after he set
his portion of the casket down on the frame of the casket lowering device, his
left foot went down into a hole.  He testified it was his first step on
the Astroturf and there was nothing about the condition of the Astroturf
to suggest there was a hole underneath it.  At least twice in his deposition,
Rivas testified it may be that the ground just caved in.  Rivas raised the
possibility of a cave-in on his own.  The cave-in evidence, particularly when
considered in conjunction with the complete lack of evidence that the hole existed
for any length of time prior to Rivas’s fall, bolsters the conclusion that
there is no evidence of constructive knowledge in this case.  Therefore, the
trial court’s judgment should be affirmed.  See Gonzalez, 969 S.W.2d at
937.  

 

                                                                                         ______________________

                                                                                         Gregory
T. Perkes

                                                                                         Justice

 

Delivered
and filed the

24th
day of March, 2011. 

 









[1] Though Fuller is not binding on
this court, its reasoning is persuasive and on point.