Opinion filed August 23, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed August 23, 2007

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00049-CV

                                                    __________

 

                                   LEANDRA MAUGHON, Appellant

 

                                                             V.

 

    ARMC,
L.P., D/B/A ABILENE
 REGIONAL MEDICAL
 CENTER, Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor County,
Texas

 

                                                 Trial
Court Cause No. 45,837-A

 



 

                                              M
E M O R A N D U M   O P I N I O N

LeAndra
Maughon appeals from the trial court=s take-nothing summary judgment in favor of
ARMC, L.P., d/b/a Abilene
 Regional Medical
 Center on her premises
liability claim.  In a single appellate
issue, Maughon asserts that the trial court erred in granting Abilene Regional=s
traditional and no-evidence motions for summary judgment.  Because no summary judgment evidence exists
on an essential element of Maughon=s
premises liability claim B
that Abilene Regional had actual or constructive knowledge of the alleged
dangerous condition B
we affirm. 

 








                                                                    Background

This is a slip-and-fall/trip-and-fall case.  In her petition, Maughon alleged that, on or
about July 18, 2002, while she was a patient at Abilene Regional, she fell as
she was getting out of the shower in her hospital room.  She alleged that, as she was exiting the
shower, Ashe
caught part of her foot on the cover of the drain which was not properly
attached, causing her to fall.@  She further alleged that the condition of the
shower drain posed an unreasonably dangerous condition on the premises.  Maughon sought to recover damages for
injuries that she allegedly received in the fall. 

The record shows that Maughon was in Room 405 of
the hospital at the time of the alleged incident.  Abilene Regional moved for traditional and
no-evidence summary judgments on the ground that it did not have actual or
constructive knowledge of the alleged unreasonably dangerous condition B the condition of the shower drain
cover or drain grate in Room 405 of the hospital B
before the incident involving Maughon. 
Maughon filed a response to Abilene
Regional=s
traditional and no-evidence motions for summary judgment.  Following a hearing, the trial court entered
an order granting summary judgment to Abilene Regional.  The trial court=s
order did not specify whether it was granting the traditional motion, the
no-evidence motion, or both motions.

Standard of Review








Where, as here, a trial court=s order granting summary judgment does
not specify the ground or grounds relied on for its ruling, summary judgment will
be affirmed on appeal if any of the summary judgment grounds advanced by the
movant are meritorious. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001); Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).  We will first review the trial court=s summary judgment under the
no-evidence motion for summary judgment standards set forth in Tex. R. Civ. P. 166a(i).  We must review a no-evidence summary judgment
under the same standard as a directed verdict. 
King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003).  Accordingly, we review the evidence in the
light most favorable to the nonmovant and disregard all contrary evidence and
inferences.  Id.; Wal-Mart
Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002); see also
Goodyear Tire & Rubber Co. v. Mayes, No. 04-0993,  2007 WL 1713400 (Tex. June 15, 2007).  A trial court must grant a proper no-evidence
motion for summary judgment unless the nonmovant produces more than a scintilla
of probative evidence to raise a genuine issue of material fact on the
challenged element of the claim.  Rule
166a(i); Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004); Rodriguez,
92 S.W.3d at 506.  We may not consider
any evidence presented by the movant unless it creates a fact question.  Binur v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004).  If Maughon failed to meet her Rule 166a(i)
burden, then there is no need to address whether Abilene Regional satisfied its
burden for obtaining a traditional summary judgment under Tex. R. Civ. P. 166a(c).      

                                                                Premises
Liability

Maughon was Abilene
Regional=s invitee
at the time of the alleged incident.  As
such, Abilene Regional owed Maughon a duty to exercise reasonable care to
protect her from dangerous conditions in the hospital that Abilene Regional
knew about or should have known about.  Wal-Mart
Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998). 
To recover damages in a premises liability case, Maughon had to prove
the following:  (1) that Abilene Regional
had actual or constructive knowledge of the condition of the shower drain cover
in Room 405; (2) that the condition of the shower drain cover posed an
unreasonable risk of harm; (3) that Abilene Regional did not exercise reasonable
care to reduce or eliminate the risk; and (4) that Abilene Regional=s failure to use such care proximately
caused Maughon=s
injuries.  Gonzalez, 968 S.W.2d at
936; Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex.
1992); Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983).  Additionally, an owner or occupier of a
premises, such as Abilene Regional, is not liable for a dangerous condition
caused by deterioration of the premises unless it knew of or by reasonable
inspection would have discovered the deterioration.  CMH Homes, Inc. v. Daenen, 15 S.W.3d
97, 101 (Tex.
2000).

Abilene
Regional=s
no-evidence summary judgment challenged the first element of Maughon=s premises liability claim.  Thus, under Rule 166a(i), Maughon had the
summary judgment burden to produce more than a scintilla of evidence
establishing that Abilene Regional had actual or constructive knowledge of the
condition of the shower drain cover in Room 405 before Maughon=s fall. 
See Ridgway, 135 S.W.3d at 600.

                                                     The
Summary Judgment Record








            In response to Abilene Regional=s motions for summary judgment, Maughon
presented excerpts from the deposition of Dave Dionne, a maintenance technician
at Abilene Regional.  Maughon also
presented the affidavit of and excerpts from the deposition of her liability
expert, George Greene.  In arriving at
his opinions, Greene relied on Dionne=s
testimony.

Dionne testified that he had worked as a
maintenance man for Abilene Regional for fourteen years.  Dionne said that he had worked on stopped up
shower drains in the past.  He explained
that the shower drain covers were attached to the shower drains with steel
clips.  He said that the steel clips
attached to a rubber boot on the drain. 
Dionne testified that the drain covers were Avery
solid@ until
they were removed the first time.  Dionne
explained that it was necessary to remove drain covers to work on stopped up
drains.  He said that he removed the
drain covers by placing a screwdriver in the drain and popping up the
cover.  Dionne said that, after he
removed the drain covers, he placed a Asnake@ in the drain to unclog it.  Dionne testified that, on occasion, he had
trouble getting the drain covers to stay in place after he had removed them to
work on clogged drains.  Dionne said
that, on these occasions, he used silicone to reattach the drain covers to the
drains and that the drain covers stayed in place after using the silicone.

Greene, a registered professional engineer,
referred to the drain covers as drain strainers in his deposition and as drain
grates in his affidavit.  He testified
that Abilene Regional had knowledge that drain strainers would come loose and
would have to be repaired with various things, such as silicone.  In his affidavit, Greene relied on Dionne=s testimony: 

There is evidence in this case that prior to
[Maughon=s] fall
the maintenance staff at the hospital had encountered problems with loose
shower drain grates.  Specifically, they
would encounter this problem when removing drain grates to service the drains
and would sometimes have a problem getting the grates to fit snugly back into
position.  Dave Dionne, a hospital
maintenance man, testified that when that situation would occur he would
attempt to remedy the problem by using silicone sealant as an adhesive to
secure the drain grate.

 

In his deposition, Greene testified that, because Abilene
Regional had the knowledge that drain strainers would come loose, Abilene
Regional should have tested or checked the drain strainers to see if they were
loose.  Greene also said that Abilene
Regional should have replaced all loose drain strainers with new drain
strainers.








Greene stated in his affidavit that he inspected
the drain in question two and one-half years after Maughon=s fall. 
He also stated that his inspection Areveal[ed]
severe corrosion of the drain pipe into which the drain grate should fit.@ 
Greene further stated that, based on the fact that the hospital was
twenty years old, Ait [was]
clear that there was severe corrosion in the drain pipes which significantly
predated Ms. Maughon=s
fall.@  Greene gave a similar opinion in his
deposition testimony.  He testified that,
based on the age of the drains, the drain grate strainers were wearing out and
coming loose before the date of Maughon=s
fall.  He stated that, A[i]n other words, what=s happening is these things are wearing
out, they=re
getting loose, and that=s
not -- it=s just the
nature of how this thing will fail.@  In his affidavit, he stated that, in his
opinion, Athere
existed a condition at the hospital which significantly predated Ms. Maughon=s fall in which the drain pipes and
drain grates were suffering wear and deterioration to the point that the drain
grates were becoming loose in their attachment to the drain body.@

In his affidavit, Greene stated that the loose
drain grates created a dangerous situation because patients standing on the
grates could dislodge them when stepping out of the shower.  Greene concluded his affidavit with the
following opinion:           

It is my further opinion that this condition could
have been easily discovered by any reasonably careful inspection of the shower
drain grates and their attachment to the drain body.  Such an inspection would have revealed the
significant corrosion and wear at the contact point between the grate and the
drain body and the increasingly precarious retention of the drain grate in the
drain body.  This finding would have made
it easily foreseeable that under the circumstances existing prior to [Maughon=s] fall, the drain grate could be
dislodged by a patient stepping out of the shower, thus causing a fall and
possible injury.

 

                                                                        Analysis

Maughon argues that the summary judgment evidence
raised a fact issue on whether Abilene Regional had actual or constructive
notice of the loose shower drain cover or grate in Room 405.  Based on Dionne=s
testimony, Maughon asserts that, before her fall, the hospital knew Athat shower drain grates in patient
rooms were deteriorating, becoming loose in their attachment, and had to be
glued down to stay in place.@  Maughon also relies on Greene=s opinions regarding the deterioration
of the shower drains and drain grates at the hospital.  She asserts that Greene=s testimony and affidavit established
that the loose shower drain grate in Room 405 Acould
have been easily discovered by any reasonably careful inspection of the shower
drain grates and their attachment to the drain body.@








Applying the above standard of review, we must
review the evidence in the light most
favorable to Maughon and disregard all contrary evidence and inferences.  King Ranch, 118 S.W.3d at 750-51.  Dionne=s
testimony did not provide any evidentiary support for Maughon=s contention that the shower drain
grates were becoming loose due to deterioration.  Dionne testified that, on occasion, he had
trouble getting shower drain covers to stay in place after he had removed them
to work on stopped up drains.  On those
occasions, Dionne used silicone to reattach the drain cover to the drain.  Thus, Dionne=s
testimony established that some shower drain covers would not stay in place B in the absence of attaching them with
silicone B once
they were removed from the shower drain. 
However, there was no summary judgment evidence that Dionne or any other
Abilene Regional employee had ever removed the shower drain cover in Room 405
to work on a clogged drain or for any other reason.  

There was no summary judgment evidence that any
shower drain covers had come loose at the hospital for any reason other than
removing them to work on the drains. 
Thus, Maughon did not present any summary judgment evidence that the
shower drain cover in Room 405 had come loose due to deterioration.[1]  Greene stated that, in his opinion, before
Maughon=s fall,
the shower drain grates were becoming loose due to deterioration and that the
loose condition of the grates Acould
have been easily discovered by any reasonably careful inspection.@ 
However, there was neither 
summary judgment evidence that the shower drain grate in Room 405 was
loose before Maughon=s
fall nor summary judgment evidence that an inspection of the shower drain grate
in Room 405 before Maughon=s
fall would have demonstrated that the shower drain grate was loose.

Maughon did not present any summary judgment evidence establishing that Abilene Regional had
actual or constructive knowledge of the loose shower drain cover in Room 405
before her fall.








Therefore, she did not
meet her summary judgment burden under Rule 166a(i).  Ridgway, 135 S.W.3d at 600.  The evidence presented by Abilene Regional in
support of its traditional motion for summary judgment did not create a fact
issue on the knowledge issue.[2]  Because Maughon failed to meet her burden
under Rule 166a(i), the trial court did not err in granting summary judgment to
Abilene Regional, and we need not consider whether Abilene Regional satisfied
its burden for obtaining a traditional summary judgment under Rule
166a(c).  Tex. R. App. P. 47.1. 
We overrule Maughon=s
appellate issue.

                                                               This
Court=s Ruling

We affirm the judgment of the trial court.

 

 

TERRY McCALL

JUSTICE

August 23, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Although Maughon describes the details of her fall in
her appellate brief, the record contains no summary judgment evidence, such as
excerpts from her deposition or an affidavit from her, describing the fall.





[2]Abilene Regional presented summary judgment evidence
showing a lack of loose shower drain covers before the incident involving
Maughon.