Opinion issued April 18, 2002









 

In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00459-CV






JAMES HARLAN WRIGHT, Appellant


V.


WAL-MART STORES, INC., Appellee






On Appeal from the 129th District Court

Harris County, Texas

Trial Court Cause No. 2000-23436






O P I N I O N


 Appellant, James Harlan Wright, challenges a no-evidence summary judgment
rendered against him in his premises liability suit. We review whether the trial court
erred in granting a no-evidence summary judgment in favor of appellee, Wal-Mart
Stores, Inc. (Wal-Mart). We address whether appellant produced more than a scintilla
of evidence to raise a genuine issue of material fact as to the allegedly dangerous
condition that caused Wright's injuries. We affirm.

Background

 On November 30, 1999, Wright was shopping at a Wal-Mart store when he
slipped and fell on a single french fry near the garden center, injuring his right
shoulder. Wright did not see the french fry before he fell, and he did not know how
long it had been on the floor or how it came to be there. The french fry was dirty
when he removed it from his shoe.

 A McDonald's restaurant within the Wal-Mart store served french fries. Wal-Mart had no policy restricting patrons from carrying food and beverages throughout
its store. Wal-Mart maintained no records to indicate the area of the accident was
inspected or cleaned during store hours. An employee operating a cash register was
located approximately 20 to 30 feet from the scene of the accident. There had been
four reported customer slip and fall injuries from spilled beverages and other liquids
over a three-year period at this store. There were no reported injuries from french
fries.

 Wright sued Wal-Mart alleging a premises defect based on Wal-Mart's
negligence in failing to warn of the dangerous condition, failing to inspect and
maintain the premises, and failing to properly train its employees. Wal-Mart
responded that it had no knowledge of the dangerous condition, and that Wright did
not bring forth a scintilla of evidence of actual or constructive notice. The trial court
granted Wal-Mart's motion for a no-evidence summary judgment.

No-Evidence Summary Judgment

 Wright contends Wal-Mart had a duty to exercise reasonable care, had
knowledge of the foreseeable harm, and had constructive notice of a dangerous
condition on its store premises. Wright asserts the trial court erred by rendering a no-evidence summary judgment despite the evidence he produced. 

 When reviewing a no-evidence summary judgment, we must consider the
evidence in the light most favorable to the non-movant and make all inferences in the
non-movant's favor. Tex. R. Civ. P. 166a(i); Morgan v. Anthony, 27 S.W.3d 928, 929
(Tex. 2000); Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994
S.W.2d 830, 834 (Tex. App.--Houston [1st Dist.] 1999, no pet.). A no-evidence
summary judgment is properly granted if the non-movant fails to bring forth more
than a scintilla of evidence to raise a genuine issue of material fact as to an essential
element of the non-movant's claim on which the non-movant would have the burden
of proof at trial. Flameout Design & Fabrication, Inc., 994 S.W.2d at 834.

Premises Liability

 Wright was Wal-Mart's invitee, to whom Wal-Mart owed a duty to exercise
reasonable care to protect him from dangerous store conditions known or
discoverable to Wal-Mart. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936
(Tex. 1998) (citing Rosas v. Buddies Food Store, 518 S.W.2d 534, 536-37 (Tex.
1975)). This duty, however, does not make Wal-Mart an insurer of Wright's safety
on the premises. See Gonzalez, 968 S.W.2d at 936. In order to recover from Wal-Mart, Wright must prove:


 actual or constructive knowledge of some condition on the 
premises by the owner/operator;


 


 the condition posed an unreasonable risk of harm;


 


 the owner/operator did not exercise reasonable care to reduce or
eliminate the risk; and 


 


 the owner/operator's failure to use such care proximately caused
the plaintiff's injuries.



Id. at 936 (citing Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992); Corbin v.
Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983)). Liability for knowledge of
a potentially harmful condition can be established in one of the three following ways: 


 proof that employees caused the harmful condition;


 


 proof that employees either saw or were told of the harmful
condition prior to the plaintiff's injury therefrom; or


 


 proof that the harmful condition was present for so long that it
should have been discovered in the exercise of reasonable care.



Keetch, 845 S.W.2d at 264.

Evaluating Circumstantial Evidence

 Wright does not rely on any direct evidence, but contends there is
circumstantial evidence that Wal-Mart had constructive notice of the dangerous
condition. First, Wright contends Wal-Mart created the condition that put the french
fry on the floor, specifically, the existence of a McDonald's restaurant in the Wal-Mart store. Second, Wright contends the past occurrence of spills in the store put
Wal-Mart on notice of the dangerous condition. Third, Wright points to a lack of
sweep records of the area in question, and the presence of an employee near the
location of the accident. Wright contends these facts are more than a scintilla of
evidence that Wal-Mart had constructive notice of a dangerous condition.

 The supreme court recently clarified the standard by which to evaluate
circumstantial evidence. Lozano v. Lozano, 52 S.W.3d 141, 148 (Tex. 2001)
(Phillips, C.J., concurring, joined by four justices). In Lozano, the court explained
how to evaluate circumstantial evidence when more than one inference can be drawn
from the facts:

 Properly applied, the equal inference rule is but a species of the no
evidence rule, emphasizing that when the circumstantial evidence is so
slight that any plausible inference is purely a guess, it is in legal effect
no evidence. But circumstantial evidence is not legally insufficient
merely because more than one reasonable inference may be drawn from
it. If circumstantial evidence will support more than one reasonable
inference, it is for the jury to decide which is more reasonable, subject
only to review by the trial court and the court of appeals to assure that
such evidence is factually sufficient.


Id.


 Moreover, a jury may not reasonably infer an ultimate fact from meager
circumstantial evidence that could give rise to any number of inferences, none more
probable than another. Lozano, 52 S.W.3d at 148 (citing Hammerly Oaks, Inc. v.
Edwards, 958 S.W.2d 387, 392 (Tex. 1997)). When circumstances are consistent
with any possibility, and nothing shows that one is more probable than the other, no
fact can be inferred. Id.

 In the context of premises liability, the court has held that, when relying on
circumstantial evidence to prove constructive notice, the evidence must establish that
it is more likely than not that the dangerous condition existed long enough to give the
proprietor a reasonable opportunity to discover the condition. Gonzalez, 968 S.W.2d
at 936. In Gonzalez, the court required that circumstantial evidence establish a
proposition that is more likely than not probable, rather than allow a jury to choose
from two equally possible propositions. Id. 

Constructive Notice

 The threshold issue is whether Wal-Mart had actual or constructive notice of
the allegedly dangerous condition: a french fry on the floor. Wright does not contend
that Wal-Mart had actual notice of the dangerous condition. Rather, he contends that
several facts raise more than a scintilla of evidence that Wal-Mart had constructive
notice of the dangerous condition.


 Proximate Employee


 Wright contends the presence of an employee operating a cash register 20 to
30 feet from the accident is evidence that Wal-Mart had constructive notice of the
dangerous condition. Wright cites Wal-Mart Stores, Inc. v. Reece,32 S.W.3d 339
(Tex. App.--Waco 2000, pet. granted), for the proposition that a plaintiff can offer
evidence that, when a dangerous condition was in sufficient proximity to an employee
of the defendant, the condition should have been discovered and removed in the
exercise of ordinary care. Id. at 343 (citing Duncan v. Black-Eyed Pea U.S.A., Inc.,
944 S.W.2d 447, 449-50 (Tex. App.--Beaumont 1999, pet. denied); Furr's Super
Market v. Garrett, 615 S.W.2d 280, 281-82 (Tex. Civ. App.--El Paso 1981, writ ref'd
n.r.e.); Albertson's Inc. v. Mungia, 602 S.W.2d 359, 362-63 (Tex. Civ. App.--Corpus
Christi 1980, no writ); H.E.B. Food Stores v. Slaughter, 484 S.W.2d 794, 797 (Tex.
Civ. App.--Corpus Christi 1972, writ dism'd); and Stoner v. Wal-Mart Stores, Inc.,
35 F. Supp.2d 958, 960 (S.D. Tex. 1999)).

 Because the "proximate employee" theory of constructive notice has not been
decided by our supreme court, this line of cases is not binding precedent. Even if the
"proximate employee" theory were viable, it would not apply in this case. All of the
cases cited in Reece involved areas heavily trafficked by employees. See Reece, 32
S.W.3d at 343. Wright did not show that the location of the accident was heavily
trafficked by employees. Wright showed only that an employee was operating a cash
register approximately 20 to 30 feet from the location of the accident. Wright did not
present any evidence that employees of Wal-Mart should have been aware of the
allegedly dangerous condition, or that the proximity of the employee at a cash register
20 to 30 feet away made it likely the french fry would have been seen by that
employee.


 Restaurant and History of Accidents


 The presence of the McDonald's restaurant in the Wal-Mart store, without a
policy prohibiting the carrying of food and drinks in the store, coupled with the four
reported slips and falls from spilled beverages on the floor over three years, does not
give rise to a reasonable inference that Wal-Mart had constructive notice of the
dangerous condition. Circumstantial evidence may establish a material fact, but it
must transcend mere suspicion. Lozano, 52 S.W.3d at 149. The history of accidents
in the store was limited to spilled beverages, not french fries. There is no evidence
that the french fry even came from the McDonald's restaurant in the Wal-Mart store. 
The existence of a restaurant in a store, without a policy on carrying food and drinks,
does not transcend mere suspicion.


 Dirty French Fry and Lack of Cleaning Records


 Finally, Wright points to the evidence that he fell on a dirty french fry, and that
Wal-Mart failed to keep sweeping or cleaning records of the area. Wright did not see
the french fry before he fell. He noticed the french fry was dirty only after he stepped
on it and removed it from the bottom of his shoe. 

 Proof that the harmful condition was present for so long that it should have
been discovered in the exercise of reasonable care demonstrates constructive notice. 
Keetch, 845 S.W.2d at 264. Wright's testimony does not identify the amount of time
the french fry was on the floor. The french fry could have been there for a short
period of time and become dirty when Wright stepped on it. On the other hand, the
french fry could have been on the floor for a long period of time. See Gonzalez, 968
S.W.2d at 937 (holding dirty macaroni raises possibility macaroni was soiled by
customers recently or over long period of time, which does not create constructive
notice of dangerous condition). It is also possible that the french fry could have been
on the floor any number of intermediate periods of time between a very short time and
a very long time.

 Although sweeping records could have provided a narrower window of time
to determine when the french fry fell on the floor, Wright did not introduce any
evidence of sweeping records. He argues instead that lack of any sweeping records
indicates that Wal-Mart did not sweep the floors. In the absence of sweeping records,
no inference can be made as to when the floors were swept, or how long the french
fry had been on the floor.

 Wright's meager circumstantial evidence does not rise above the level of mere
suspicion. Evidence so slight that any inference is purely a guess is no evidence at
all. Lozano, 52 S.W.3d at 148. Consequently, Wright has failed to raise more than
a scintilla of evidence that Wal-Mart had constructive notice of a dangerous
condition.

 We overrule appellant's sole point of error.


Conclusion

 We affirm the judgment of the trial court.





 Tim Taft

 Justice


Panel consists of Justices Cohen, Hedges, and Taft.

Publish. Tex. R. App. P. 47.4.