Opinion issued June 23, 2005












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00443-CV




NOELIA BENDIGO and COLIN BENDIGO, Appellants

V.

CITY OF HOUSTON, BURNS MANAGEMENT GROUP, INC., 
CENTRAL PARKING SYSTEM OF TEXAS, INC., NEW SOUTH
PARKING TEXAS, and AZTEC FACILITY SERVICES, INC., Appellees




On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2002-53398




O P I N I O N

          Appellants, Noelia and Colin Bendigo, challenge the traditional and no-evidence summary judgments rendered against them in their trip-and-fall premises
liability lawsuit against appellees, City of Houston, Burns Management Group, Inc.,
Central Parking System of Texas, Inc., New South Parking Texas, and Aztec Facility
Services, Inc. (collectively “Burns Management”). We conclude that the trial court
did not err in granting Burns Management’s summary judgment and therefore affirm. Facts
          In July 2001, Noelia Bendigo and her friend Yolanda Feindt arrived at Bush
Intercontinental Airport with the intent that Bendigo would board a flight bound for
Miami, Florida. Bendigo walked through the Terminal C parking garage on her way
to the flight gate. As she walked down the parking garage stairwell—holding her
garment bag in one hand and the stairwell railing in the other—Bendigo slipped on
a disposable cup, fell down the remaining stairs, and injured her ankle. 
          Bendigo sued Burns Management, contending that it owned, operated, and
maintained the parking garage in which she fell and that it was negligent in
maintaining the stairwell.


 Burns Management moved for a traditional and no-evidence summary judgment.


 In March 2004, the trial court granted summary
judgment. 
Standard of Review
          The propriety of summary judgment is a question of law, and thus we review
the trial court’s decision de novo. Provident Life & Accident Ins. Co. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003). Burns Management filed both traditional and
no-evidence summary judgment motions. See Tex. R. Civ. P. 166a(c),(i). On review,
we make inferences, resolve doubts, and view the evidence in the light most favorable
to the non-movant. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222 (Tex. 1999). 
          The movant for a traditional summary judgment has the burden of showing that
there is no genuine issue of material fact and that he is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Park Place Hosp. v. Estate of Milo, 909
S.W.2d 508, 510 (Tex. 1995); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548
(Tex. 1985). A defendant moving for summary judgment must either disprove at least
one element of each of the plaintiff’s causes of action, or plead and conclusively
establish each essential element of its affirmative defense, thereby rebutting the
plaintiff’s causes of action. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995).
          In a no-evidence summary judgment under Rule 166a(i), the movant represents
that no evidence exists as to one or more essential elements of the non-movant’s
claims, upon which the non-movant would have the burden of proof at trial. Tex. R.
Civ. P. 166a(i). The non-movant then must present evidence raising a genuine issue
of material fact on the challenged elements. Id. A no-evidence summary judgment
is essentially a pre-trial directed verdict, and a no-evidence motion asserts that no
evidence exists as to at least one essential element of the non-movant’s claims on
which the non-movant would have the burden of proof at trial. Jackson v. Fiesta
Mart, 979 S.W.2d 68, 70–71 (Tex. App.—Austin 1998, no pet.). On review, we
ascertain whether the non-movant produced more than a scintilla of probative
evidence to raise a genuine issue of material fact. Id. More than a scintilla of
evidence exists if the evidence “rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions.” King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 751 (Tex. 2003) (quoting Merrell Dow Pharms., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997)). If the evidence does no more than create a mere
surmise or suspicion of fact, less than a scintilla of evidence exists. Merrell Dow
Pharms. Inc., 953 S.W.2d at 711. 
          Here, because the summary judgment order does not specify the ground or
grounds on which the trial court relied for its ruling, we will affirm the summary
judgment if any theory the non-movant advances has merit. See Weiner v. Wasson,
900 S.W.2d 316, 317 n.2 (Tex. 1995); Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d
623, 625–26 (Tex. 1996).
Premises Liability
          Burns Management owed Bendigo, its invitee, a duty to exercise reasonable
care to protect Bendigo from dangerous conditions in the garage that were known or
reasonably discoverable. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936
(Tex. 1998). It was not, however, an insurer of Bendigo’s safety. Id. 
          In order to recover from Burns Management, Bendigo must prove the
following: 
(1) [That the owner/operator had] actual or constructive knowledge of
some condition on the premises;
 
(2) That the condition posed an unreasonable risk of harm;
 
(3) That the owner/operator did not exercise reasonable care to reduce
or eliminate the risk; and 
 
(4) That the owner/operator’s failure to use such care proximately
caused the plaintiff’s injuries.

Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992) (citing Corbin v. Safeway
Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983)). A trip-and-fall plaintiff satisfies the
notice element by establishing one of three things: (1) that the defendant placed a
substance on the floor; (2) that the defendant actually knew that a substance was on
the floor; or (3) that it is more likely than not that the dangerous condition existed
long enough to give the premises owner a reasonable opportunity to discover it. Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002) (citing Gonzalez, 968
S.W.2d at 936 and Keetch, 845 S.W.2d at 265).
A. Constructive Knowledge of Cup
          In its motion for no-evidence summary judgment, Burns Management contends
that Bendigo failed to produce evidence of its actual or constructive knowledge of the
alleged dangerous condition. Bendigo does not contend that an employee of Burns
Management placed the cup on the floor. Moreover, Bendigo concedes that she
raises no fact issue regarding whether Burns Management had actual knowledge that
the cup was present in the stairwell at the time that she fell. Bendigo thus relies on
constructive knowledge. To prevail, she must produce more than a scintilla of
provative evidence that the cup had been on the floor for a sufficient period of time
to allow Burns Management a reasonable opportunity to discover it. See Wright v.
Wal-Mart Stores, Inc., 73 S.W.3d 552, 554–56 (Tex. App.—Houston [1st Dist.] 2002,
no pet.). 
           Although Bendigo concedes that she does not know the exact time that the cup
was dropped in the stairwell, she contends that she satisfies her burden by providing
circumstantial evidence that Burns Management failed to check the stairwell for litter
after the late afternoon rush at Terminal C. A plaintiff may rely on circumstantial
evidence to prove constructive notice of a dangerous condition if the circumstantial
evidence establishes that a proposition is more likely than not probable, but such
evidence is insufficient if it raises two equally possible propositions. Id. (citing 
Gonzalez, 968 S.W.2d at 936). If circumstances are consistent with any possibility,
and nothing shows that one is more probable than the other, then no fact can be
inferred by a reasonable factfinder. Id. (citing Lozano v. Lozano, 52 S.W.3d 141, 148
(Tex. 2001)). Likewise, a reasonable jury may not infer an ultimate fact from meager
circumstantial evidence that could give rise to any number of inferences, none more
probable than another. Id.
          Bendigo directs us to the following circumstantial evidence. First, Burns
Management knew that thousands of people use the Terminal C garage on a daily
basis. Second, Burns Management knew that an “exodus of customers” occurred
from the parking garage between approximately 5:30 p.m. and 6:30 p.m. each day. 
Third, after its daily 10:00 a.m. cleaning, Burns Management did not again inspect
the stairwell until approximately midnight or 1:00 a.m. Fourth, Bendigo fell in the
stairwell around 8:30 p.m. Finally, when Bendigo fell, at least two other pieces of
garbage—including empty food wrappers and a Coca-Cola can—littered the stairwell. 
Bendigo contends that this evidence raises a fact issue “that the cup could well have
been on the stairs for 10-12 hours—a sufficient amount of time to allow a party to be
deemed to have constructive knowledge.” 
          Bendigo provides no evidence that the collection of trash that she found existed
in the stairwell after her fall was a usual occurrence. No evidence suggests that, even
if an accumulation of trash is usual, it is likely to accumulate at a certain time of the
day. No evidence exists of prior reports of slips or falls or injuries of any kind in the
Terminal C stairwell. No evidence suggests that the condition of the cup indicated
that it had been in the stairwell for a long time. Mere evidence that Burns
Management had not cleaned the stairs for approximately ten hours before Bendigo’s
fall is not evidence of the time that a passerby actually discarded the cup in the
stairwell. Bendigo’s speculation—that the cup “could have been there” for ten to
twelve hours—is not more probable than a number of other scenarios, including that
the cup was dropped minutes before Bendigo fell. Bendigo’s facts “create a mere
surmise or suspicion of fact,” and therefore amount to less than a scintilla of evidence
of Burns Management’s constructive knowledge of a dangerous condition. See 
Reece, 81 S.W.3d at 816–17 (holding that evidence that store had time to discover 
liquid spill on floor was insufficient evidence to support finding that store had
constructive notice of spill); Gonzalez, 968 S.W.2d at 937–38 (holding that dirt in
macaroni salad on floor is no evidence of length of time macaroni had been on floor
and thus is no basis for constructive notice); Joachimi v. City of Houston, 712 S.W.2d
861, 864–65 (Tex. App.—Houston [1st Dist.] 1986, no pet.) (holding plaintiff’s
contention that more inspections could have discovered oil spot on parking garage
floor was not enough to find that garage owner had constructive notice of it); see also
Marathon Corp. v. Pitzner, 106 S.W.3d 724, 728 (Tex. 2003) (“an inference stacked
only on other inferences is not legally sufficient evidence.”). 
B. Liability Without Constructive Knowledge
          Bendigo cites Corbin, 648 S.W.2d at 295–96, for her contention that she did
not have to provide evidence of Burns Management’s actual or constructive notice
of the cup in the stairwell.


 In Corbin, a grocery store customer slipped on a grape
in front of a self-service grape bin. The customer sued the store, claiming that three
dangerous conditions existed: (1) the grape on which he slipped; (2) excessively dirty
floors; and (3) the self-service display of green grapes, in an open, slanted bin above
a green linoleum floor. Id. at 296. The court held that because the store did not have
actual or constructive notice of the grape on the floor, it could not be liable under the
customer’s first theory. Id. Second, even though evidence existed that the store had
a history of letting its floors become filthy, it could not support a finding that the dirty
floor proximately caused the customer’s fall “since he testified that he slipped on a
grape, not on dirt or other slippery matter.” Id. The customer could recover against
the store under his third theory because there was evidence that the store knew of an
unusually high risk associated with its grape display. Id. In its holding, the Corbin
court noted the difference from other “slip and fall” cases: “there is usually no basis
for a claim that the storeowner maintained an unreasonably dangerous method of
display that frequently caused such food items to become floor hazards.” Id. at 297
(emphasis in original). 
          Bendigo’s reliance on Corbin is misplaced. First, Bendigo’s failure to provide
evidence of Burns Management’s actual or constructive knowledge of the cup is
similar to the customer in Corbin failing to provide evidence of the store’s knowledge
of the grape—in both instances, the lack of knowledge is fatal. Moreover, unlike the
customer in Corbin, Bendigo did not provide evidence that Burns Management
caused the cup to be on the floor or that the stairwell itself was a dangerous condition. 
See CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 101 (Tex. 2000) (distinguishing
facts from those in Corbin because the self-service grape display in Corbin
“constituted a dangerous condition from the moment it was used.”).
Common Law Duty of Ordinary Care
          In a separate argument, Bendigo contends that Burns Management had an
additional “common-law legal duty to exercise ordinary care to protect business
invitees from danger.” Bendigo contends that under this common-law duty, Burns
Management is liable because it failed to conduct inspections of a known danger, and
thus, the trial court erred in granting summary judgment because her evidence “raises
a genuine issue of material fact about whether [Burns Management’s] questionable
practice of cleaning stairways only once per day satisfies [its] common-law legal duty
to exercise ordinary care to protect business invitees from danger.” 
          First, Bendigo’s argument is circular. Before an alleged dangerous condition
can be “known,” Burns Management must have either actual or constructive
knowledge of the condition. Second, the cases Bendigo cites concerning a duty to
inspect do not support her contention. These cases discuss the duty to inspect
premises once a defendant has knowledge of a dangerous condition. Third, Bendigo
provides no support for her argument that, in a trip-and-fall case based on the
condition of the premises, there is a common-law legal duty separate from that
provided in premises liability law. In Keetch, the Texas Supreme Court confirmed
that “general negligence principles in a premises liability case are stated in Section
343 of the Restatement Second of Torts (1956).” 845 S.W.2d at 266 (emphasis added)
(citing Corbin, 648 S.W.2d at 295). Premises liability analysis simply tailors the
traditional test of the conduct of a reasonably prudent person under a general
negligence action to the specific category of premises owners. A separate “general
negligence duty” thus does not exist. Conclusion
          We hold that Bendigo failed to provide more than a scintilla of evidence that 
Burns Management had knowledge of a dangerous condition. We conclude that the
trial court properly granted a no-evidence summary judgment on Bendigo’s premises
liability claims and therefore affirm its judgment. 
 

                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.