Opinion issued February 19, 2009








 







In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00937-CV






ADALIA CORTINA, Appellant


V.


THE KROGER CO., KROGER TEXAS, L.P., AND DENNIS SEPRIAN,
INDIVIDUALLY, Appellees






On Appeal from the 157th District Court

Harris County, Texas

Trial Court Cause No. 2006-61172






MEMORANDUM OPINION

 Appellant, Adalia Cortina, appeals the trial court's final summary judgment in
favor of appellees, The Kroger Company, Kroger Texas, L.P., and Dennis Seprian,
individually (collectively "Kroger"). In her sole issue, Cortina contends the trial
court erred by granting Kroger's no-evidence motion for summary judgment because
Cortina raised a genuine issue of material fact concerning whether Kroger had actual
knowledge of the hazardous condition that caused Cortina's fall. Because we
conclude Cortina did not raise a genuine issue of material fact, we affirm.

Background 

 Cortina, an elderly woman, was shopping in Kroger when she slipped on liquid
on the floor and fell, sustaining multiple injuries. After the accident, another shopper,
Theresa Doyle, reported to the store manager, Dennis Seprian, that she witnessed
Cortina's fall. Doyle also told Seprian that before the fall, Doyle noticed a wet
substance on the ground.

 Cortina brought suit against Kroger based on premises liability, asserting the
liquid on the floor constituted a hazardous premises defect. Kroger filed a no-evidence motion for summary judgment challenging the lack of any evidence to show
knowledge of the potentially harmful condition. Cortina responded to the motion by
presenting Seprian's deposition as evidence that purportedly shows Kroger had actual
knowledge that liquid was on the floor. The trial court concluded that Seprian's
deposition testimony did not present a scintilla of evidence that Kroger had actual
knowledge of the liquid on the floor, and therefore granted final summary judgment
in favor of Kroger. 

Premises Liability

 Cortina contends the trial court erred in granting summary judgment because
Seprian's testimony raises a fact issue as to whether Doyle reported the liquid to
Seprian before Cortina's fall. 

 A. Standard of Review

 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). A no-evidence motion for summary judgment
must be granted if, after adequate time for discovery, the moving party asserts that
there is no evidence of one or more specified elements of a claim or defense on which
the adverse party would have the burden of proof at trial and the respondent produces
no summary judgment evidence raising a genuine issue of material fact on those
elements. Tex. R. Civ. P. 166a(i); LMB, Ltd. v. Moreno, 201 S.W.3d 686, 688 (Tex.
2006).

 A party who files a no-evidence summary judgment motion pursuant to rule
166a(i) has essentially requested a pretrial directed verdict. Mack Trucks, Inc. v.
Tamez, 206 S.W.3d 572, 581 (Tex. 2006). When the movant files its motion in
proper form, the burden shifts to the nonmovant to defeat the motion by presenting
evidence that raises an issue of material fact regarding the elements challenged by the
motion. Id. at 582; Weaver v. Highlands Ins. Co., 4 S.W.3d 826, 829-30 (Tex.
App.--Houston [1st Dist.] 1999, no pet.). A fact issue exists if the evidence "rises
to a level that would enable reasonable and fair-minded people to differ in their
conclusions." King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003)
(quoting Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)). 
If the evidence does no more than create a mere surmise or suspicion of fact, less than
a scintilla of evidence exists, and summary judgment is proper. Transp. Ins. Co. v.
Faircloth, 898 S.W.2d 269, 282 (Tex. 1995); Macias v. Fiesta Mart, Inc., 988 S.W.2d
316, 317 (Tex. App.--Houston [1st Dist.] 1999, no pet.). A respondent is not
required to marshal proof to defeat a no-evidence motion for summary judgment; the
respondent need only point out evidence that raises a fact issue on the challenged
elements. Tex. R. Civ. P. 166a(i) cmt. B. Requirements for Premises Liability

 Cortina was Kroger's invitee, to whom Kroger owed a duty to exercise
reasonable care to protect her from dangerous store conditions known to or
discoverable by Kroger. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936
(Tex. 1998) (citing Rosas v. Buddies Food Store, 518 S.W.2d 534, 536-37 (Tex.
1975)). This duty, however, does not make Kroger an insurer of Betty's safety on the
premises. See Gonzalez, 968 S.W.2d at 936. In order to recover from Kroger,
Cortina must prove: 

(1) Kroger's actual knowledge or constructive notice of some
condition on the premises;


(2) the condition posed an unreasonable risk of harm;


(3) Kroger did not exercise reasonable care to reduce or eliminate the
risk; and 


(4) Kroger's failure to use such care proximately caused Cortina's
injuries. 


See id. (citing Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992); Corbin v.
Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983)). Liability for knowledge of
a potentially harmful condition can be established either by:

(1) proof of actual knowledge--employees caused the harmful
condition or that employees either saw or were told of the harmful
condition prior to the plaintiff's injury therefrom; or


(2) proof of constructive notice--the harmful condition was present
for so long that it should have been discovered in the exercise of
reasonable care.


Wright v. Wal-Mart Stores, Inc., 73 S.W.3d 552, 554 (Tex. App.--Houston [1st Dist.]
2002, no pet.) (citing Keetch, 845 S.W.2d at 264); see also Wal-Mart Stores, Inc. v.
Reece, 81 S.W.3d 812, 814 (Tex. 2002) ("A slip-and-fall plaintiff satisfies the notice
element by establishing that (1) the defendant placed the substance on the floor, (2)
the defendant actually knew that the substance was on the floor, or (3) it is more
likely than not that the condition existed long enough to give the premises owner a
reasonable opportunity to discover it.").

 C. Actual Knowledge

 Cortina does not assert Kroger had constructive notice of the liquid on the
floor. Instead, Cortina asserts that Seprian's testimony raises a fact issue concerning
Kroger's actual knowledge that water was on the floor. Specifically, Cortina points
to the following testimony:

Q. And you're aware that Ms. Doyle told you that she saw a wet
substance -


A. Right.


Q. - prior to Ms. Cortina being injured?


A. Right.


As Kroger points out, though, the question itself was ambiguously worded. It is
unclear whether the attorney is asking whether Doyle noticed liquid on the floor and
reported it prior to Cortina's fall or whether Doyle merely noticed liquid on the floor
prior to Cortina's fall. 

 Cortina contends that these four lines in Seprian's deposition create a fact
question. However, the testimony should be read in context. See Ramirez v. Encore
Wire Corp., 196 S.W.3d 469, 474 (Tex. App.--Dallas 2006, no pet.). In relevant
part, Seprian testified: 

Q. You're aware that there was a witness to the incident, her name
is Theresa Doyle.


A. I believe so, yeah.


Q. You spoke with Ms. Doyle at the scene?


A. Yeah, at the scene.


Q. And you're aware that Ms. Doyle told you that she saw a wet
substance -


A. Right.


Q. - prior to Ms. Cortina being injured?


A. Right.


Q. She all - you're also aware that she indicated to you that she
reported that wet spot on the floor prior to Ms. Cortina being
injured?


 MS. CHELVAM: Objection; form.


A. That's not true.


Q. (BY MR. GIBSON) She didn't say that?


A. That's not true. Yeah.


Q. What did Ms. Doyle tell you?


A. She told me she was going [sic] bring me a statement, and she
never brought it to me.


Q. Okay. What did she say about the wet spot being on the floor and
what slippery -


A. She told me it was water.


 . . . .


Q. (BY MR. GIBSON) You're aware that there was a witness. Her
name is Theresa Doyle.


A. Right.


Q. Ms. Doyle came to you after the incident, after Ms. Cortina fell
and was injured and told you that she was there when it happened,
correct?


A. Right.


Q. Ms. Doyle told you that there was a wet substance on the floor
where she fell, correct?


A. Correct.


Q. She did not tell you that it was a liquid laundry detergent, did
she?


 MS. CHELVAM: Objection; form.


A. I don't recall. She didn't say nothing.


Q. (BY MR. GIBSON) What did she say about what was on the floor
before Ms. Cortina fell?


 MS. CHELVAM: Objection; form


A. She didn't tell me what it was. Yeah.


Q. (BY MR. GIBSON) What did she say she thought it was?


A. We never discussed that. We were trying the [sic] help Ms.
Cortina.


Q. Is it your testimony, sir, that Ms. Doyle never told you or
discussed with you what was on the floor and what caused Ms.
Cortina to slip and fall that day?


A. I don't - I don't believe so. Yeah. No, I don't think so.


Q. You don't think so, or you're positive?


A. I'm positive that she didn't tell me that.


Q. You didn't discuss whatsoever what she saw on the floor -


A. No.


Q. - before Ms. Cortina was injured?


 MS. CHELVAM: Objection; form.


Q (BY MR. GIBSON) Is that correct? "Yes" or "no"?


A. No.


Q. You understand you're under oath?


A. Yes.


Q. And if - if Ms. Doyle says otherwise, are you going to dispute
that?


A. Yes.


Q. So, basically, if she says otherwise, then she would not be telling
the truth?


 MS. CHELVAM: Objection; form.


A. Correct.


 Seprian consistently testified that Doyle did not report seeing liquid on the
floor until after Cortina fell. The record shows Seprian understood the first question
as inquiring whether Doyle noticed liquid prior to Cortina's fall. Seprian's testimony,
including his response to the first question, was that Doyle reported that she noticed
liquid on the floor before the accident, but Doyle did not report that to Seprian until
after the accident.

 Moreover, Cortina's attorney seems to have given his question the same
meaning that Seprian did. Immediately after Seprian answered in the affirmative,
Cortina's attorney asked, "[Y]ou're also aware that [Doyle] indicated to you that she
reported that wet spot on the floor prior to Ms. Cortina being injured?" By asking if
Seprian was "also aware," Cortina's attorney indicated that this question was different
from the previous question. In other words, the record shows Cortina's attorney
understood the first question to ask whether Doyle saw the liquid on the floor prior
to Cortina's fall, and the second question to ask whether Doyle reported the liquid
prior to Cortina's fall. Seprian answered the second question in the negative.

 We conclude that Seprian's answer to one ambiguous question provides less
than a scintilla of evidence to create a fact issue on actual knowledge. See id. at 475. 
We hold that Cortina failed to raise a genuine issue of material fact on constructive
notice or actual knowledge, which is a required element of a premises liability claim. 
See Gonzalez, 968 S.W.2d at 936. We overrule Cortina's sole issue.

Conclusion

 We affirm the judgment of the trial court.

 


 

 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.