IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00337-CV

 

Charlotte D. Costley,

                                                                                    Appellant

 v.

 

H.E. Butt Grocery Company, 

a/k/a H.E. Butt Grocery Company, L.P.

d/b/a H.E.B. Store Waco 06 #11,

                                                                                    Appellees

 

 

 



From the County Court
at Law No. 1

McLennan County, Texas

Trial Court No. 20050071
CV1

 



memorandum Opinion



 

            Charlotte Costley sued H.E.
Butt Grocery Company (H.E.B.) for personal injuries under a premises liability
theory after she slipped on some grapes in the grocery checkout line and hurt
her ankle.  The trial court granted H.E.B.’s no-evidence motion for summary
judgment, and Costley appeals.  We will affirm.

Costley’s first issue asserts that the
trial court erred in granting H.E.B.’s no-evidence motion.  We review a trial court’s summary
judgment de novo.  Provident Life & Accident Ins. Co. v.
Knott, 128 S.W.3d 211, 215 (Tex. 2003).

            The
four elements of a premises liability cause of action are: 

 

(1) the owner had actual or constructive
knowledge of some condition on the premises; 

(2) the condition posed an unreasonable
risk of harm; 

(3) the owner did not exercise
reasonable care to reduce or eliminate the risk of harm; and 

(4) the owner’s failure to use such care
proximately caused the plaintiff’s injuries.  

 

LMB, Ltd. v. Moreno, 201 S.W.3d 686, 688 (Tex. 2006).

            H.E.B.’s no-evidence motion
was based on the first element.[1] 
Costley filed summary-judgment evidence (her affidavit and deposition
testimony) showing that she was in the checkout line and waited for fifteen to
twenty minutes for the customer in front of her to get checked out.  Costley
observed that customer’s grocery purchases and did not see any grapes.  After
that customer left, Costley stepped and slipped on some dark red grapes on the
floor between the checkout counter on the left and the display on her right.[2] 
Costley fell backward when she slipped and twisted her ankle, but her cart,
which was behind her, kept her from falling on the floor.  The cashier noticed
and called a manager, who came to the scene and had another employee clean up
the mashed grapes.  Costley could not say how many grapes there were, but she
could tell there was more than one from the mess.

            The manager asked Costley if
she needed any medical assistance, and Costley told her that the man who had
driven her would take her to the hospital emergency room.  Costley had her
groceries checked out, limped out of the store, and went to the hospital.  She
received treatment for her ankle, which had begun to swell, was sprained and remained
swollen for a week, and still bothers her.

            Costley contends that her
summary-judgment evidence raised a fact issue on H.E.B.’s constructive
knowledge that the grapes were on the floor.  Proof of constructive knowledge
requires that the condition last long enough for the possessor to discover it
through reasonable inspection.  CMH Homes, Inc. v. Daenen, 15 S.W.3d 97,
102-03 (Tex. 2000).  When the plaintiff attempts to prove constructive
knowledge through circumstantial evidence, the evidence must establish that it
is more likely than not that the dangerous condition existed long enough
to give the possessor a reasonable opportunity to discover it.  Wal-Mart
Stores, Inc. v. Gonzales, 968 S.W.2d 934, 936 (Tex. 1998).  But evidence
that supports only the possibility that a dangerous condition existed
long enough to give the possessor a reasonable opportunity to discover it is
insufficient to prove constructive knowledge.  Id.

            Citing a dated plea of
privilege case, Costley claims that the proximity of the grapes on the floor to
the checker gave H.E.B. constructive knowledge of the grapes.  See Furr’s
Super Market v. Garrett, 615 S.W.2d 280, 281-82 (Tex. Civ. App.—El Paso
1981, writ ref’d n.r.e.), disapproved by Wal-Mart Stores, Inc. v.
Reece, 81 S.W.3d 812, 816 n.1 (Tex. 2002).  But that case and the notion
that employee-proximity alone gives constructive notice have been disapproved. 
See Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 816 n.1 (Tex. 2002); see also Wright v. Wal-Mart Stores, Inc., 73 S.W.3d 552, 555-56 (Tex.
App.—Houston [1st Dist.] 2002, no pet.).

            In her affidavit, Costley
states that there was one person in the checkout line in front of her and that
Costley waited fifteen to twenty minutes for that person to be checked out.  She
states that the person in front of her did not purchase grapes because she
“could see the groceries that customer put out on the checkout booth conveyor
belt and there were no grapes placed there by that customer or purchased by
that customer.”  But in her deposition, Costley testified she didn’t “think”
the customer had any grapes, that she spent her time in line observing the
magazine rack, and that she did not know how long the grapes had been on the
floor.

            Costley’s evidence supports
only the possibility that a dangerous condition existed long enough to
give H.E.B. a reasonable opportunity to discover it and is insufficient to
prove constructive knowledge; such circumstantial evidence from which equally
plausible but opposite inferences may be drawn is speculative and thus legally
insufficient.  See Gonzales, 968 S.W.2d at 936; see also Lozano v.
Lozano, 52 S.W.3d 141, 148 (Tex. 2001) (Phillips, C.J., concurring).  Accordingly,
Costley’s evidence does not rise above the level of mere suspicion, and Costley
has failed to raise more than a scintilla of evidence that H.E.B. had
constructive notice of the grapes.  See Wright, 73 S.W.3d at
555-56.  We overrule the first issue.

            Costley’s second issue
asserts that summary judgment was improper because H.E.B. failed to preserve
the cash register receipts for the day in question and those receipts would
show when grapes were purchased and thus how long they had been on the floor
when Costley slipped on them.  Costley thus contends that she is entitled to a
spoliation presumption that the grapes were on the floor for a sufficient
amount of time for H.E.B. to have constructive knowledge.  In response to
Costley’s spoliation assertion, H.E.B. presented evidence that it did not “destroy”
the receipts; rather, after two days, its computer system automatically
transfers register transactions to a general ledger that shows by code only
what products were purchased and their prices.  The data showing the
transaction times and register information is not retained.

            Spoliation
is the improper destruction of evidence, proof of which may give rise to a
presumption that the missing evidence would be unfavorable to the spoliator.  Brumfield
v. Exxon Corp., 63 S.W.3d 912, 919 n.3, 920 (Tex. App.—Houston [14th Dist.]
2002, pet. denied).  To raise the spoliation issue, the party seeking the
presumption bears the burden of establishing that the alleged spoliator had a
duty to preserve the evidence in question.  Wal-Mart Stores, Inc. v.
Johnson, 106 S.W.3d 718, 722 (Tex. 2003).  This duty to preserve evidence
arises when a party knows or reasonably should know that (1) there is a
substantial chance that a claim will be filed, and (2) evidence in its
possession or control will be material and relevant to that claim.  Id.  When a party demonstrates an entitlement to a spoliation presumption, the
presumption precludes a court from granting a summary judgment.  Aguirre,
2 S.W.3d at 457.

 

Garcia v.
Sellers Bros., Inc., No. 14-05-00954-CV, 2006 WL 3360473, at *2 (Tex. App.—Houston [14th Dist.] Nov. 21, 2006, no pet.) (mem. op.); see also Flournoy v. Wilz, 201 S.W.3d 833, 837-38 (Tex. App.—Waco
2006), rev’d on other grounds, 228 S.W.3d 674 (Tex. 2007); Martinez v. Abbott Laboratories, 146 S.W.3d 260, 270 (Tex. App.—Fort Worth 2004, pet. denied).  Because
Costley raised spoliation in the summary-judgment proceeding and the trial
court nevertheless granted summary judgment, we presume that the trial court
considered and rejected her spoliation allegation because a spoliation
presumption would have precluded summary judgment.  See Martinez, 146 S.W.3d at 269; Aguirre v. South Tex. Blood
& Tissue Ctr., 2 S.W.3d 454, 457 (Tex. App.—San Antonio 1999, pet.
denied).  We review the trial court’s decision for abuse of discretion.  See Martinez, 146 S.W.3d at 269 (citing Johnson, 106 S.W.3d at 722-23).

            We look at whether Costley
met her burden of showing that H.E.B. had a duty to preserve the register
receipts for the day in question.  She asserts that, because H.E.B.’s manager came
to the scene and made an incident report,[3]
H.E.B. knew or reasonably should have known that
there was a substantial chance that Costley would file a claim and that H.E.B.
had evidence in its possession or control that would be material and relevant
to that claim.

            We begin with the premise
that, absent extraordinary circumstances, the mere occurrence of an accident is
not sufficient to trigger the duty to preserve.  See Johnson, 106 S.W.3d at
722 (citing National Tank Co. v. Brotherton, 851 S.W.2d 193, 204 (Tex. 1993)).  That premise, the circumstances of Costley’s accident, and the uncontroverted
fact that H.E.B. did not maintain individual register receipts for more than
two days and merged them into a general ledger in the normal course of
business, lead us to conclude that H.E.B. had no duty to preserve the register
receipts for the day in question.  See Johnson, 106 S.W.3d at 723; Garcia,
2006 WL 3360473, at *3-5; Martinez, 146 S.W.3d at 269-71; Doe
v. Mobile Video Tapes, Inc., 43 S.W.3d 40, 55 (Tex. App.—Corpus Christi
2001, no pet.) (videos recorded over in normal course of business and before
notice of claim provided no basis for exclusion of evidence based on alleged
spoliation); Aguirre, 2 S.W.3d at 457 (destruction of records in regular
course of business and without notice of their relevance to future litigation
did not raise spoliation presumption).  Because the trial court did not abuse
its discretion, we overrule Costley’s second issue.

            Having
overruled both of Costley’s issues, we affirm the trial court’s judgment.

 

 

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed July 29, 2009

[CV06]









[1] A no-evidence motion for
summary judgment is essentially a motion for pretrial directed verdict.  Mack
Trucks, Inc. v. Tamez, 206 S.W.3d 572, 581 (Tex. 2006); see also Humphrey v. Pelican Isle Owners Ass’n, 238 S.W.3d 811, 813
(Tex. App.—Waco 2007, no pet.).  Once such a motion is filed, the burden shifts to the
nonmoving party to present evidence raising an issue of material fact as to the
elements specified in the motion.  Tamez, 206 S.W.3d at 583.  A genuine
issue of material fact exists if more than a scintilla of evidence establishing
the existence of the challenged element is produced.  King Ranch, Inc. v.
Chapman, 118 S.W.3d 742, 751 (Tex. 2003).  More than a scintilla of
evidence exists when the evidence “rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions.”  Id. (quoting Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711
(Tex. 1997)).  On the other hand, the evidence amounts to no more than a
scintilla if it is “so weak as to do no more than create a mere surmise or
suspicion” of fact.  Id.  When determining if more than a scintilla of
evidence has been produced, the evidence must be viewed in the light most
favorable to the nonmovant.  Ford Motor Co. v. Ridgway, 135 S.W.3d 598,
601 (Tex. 2004).

 





[2] In her deposition, Costley states that
she stepped on the grapes when she turned to reach for some candy, but her
subsequent affidavit states that she stepped on the grapes when she pushed her
cart forward to begin placing her groceries on the checkout counter conveyor. 
Because of our disposition, this discrepancy is immaterial.





[3] That incident report states:

CUSTOMER CLAIMS SHE “TWISTED BACK AND
SIDE WHEN SHE TURNED AROUND FROM LOOKING AT BATTERIES ON PEG STRIP.  SAYS THE
GRAPES WERE THE REASON FOR HER TWISTING HER FOOT.  SHE IS ALREADY LIMPING.  H [sic]
THERE WAS NO OBVIOUS SWEELING [sic] IN HER FOOT.  IT WAS HER RIGHT ANKE
[sic].