

# IN THE
# TENTH COURT OF APPEALS

## No. 10-07-00337-CV

**CHARLOTTE D. COSTLEY,**

Appellant

 **v.**

**H.E. BUTT GROCERY COMPANY,**
**A/K/A H.E. BUTT GROCERY COMPANY, L.P.**
**D/B/A H.E.B. STORE WACO 06 #11,**

Appellees

---

**From the County Court at Law No. 1**
**McLennan County, Texas**
**Trial Court No. 20050071 CV1**

---

## MEMORANDUM OPINION

---

Charlotte Costley sued H.E. Butt Grocery Company (H.E.B.) for personal injuries under a premises liability theory after she slipped on some grapes in the grocery checkout line and hurt her ankle. The trial court granted H.E.B.'s no-evidence motion for summary judgment, and Costley appeals. We will affirm.

Costley's first issue asserts that the trial court erred in granting H.E.B.'s no-evidence motion. We review a trial court's summary judgment *de novo*. *Provident Life &*

*Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

The four elements of a premises liability cause of action are:

(1) the owner had actual or constructive knowledge of some condition on the premises;
(2) the condition posed an unreasonable risk of harm;
(3) the owner did not exercise reasonable care to reduce or eliminate the risk of harm; and
(4) the owner's failure to use such care proximately caused the plaintiff's injuries.

*LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006).

H.E.B.'s no-evidence motion was based on the first element.[1] Costley filed summary-judgment evidence (her affidavit and deposition testimony) showing that she was in the checkout line and waited for fifteen to twenty minutes for the customer in front of her to get checked out. Costley observed that customer's grocery purchases and did not see any grapes. After that customer left, Costley stepped and slipped on some dark red grapes on the floor between the checkout counter on the left and the display on her right.[2] Costley fell backward when she slipped and twisted her ankle,

---

[1] A no-evidence motion for summary judgment is essentially a motion for pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006); *see also* *Humphrey v. Pelican Isle Owners Ass'n*, 238 S.W.3d 811, 813 (Tex. App.—Waco 2007, no pet.). Once such a motion is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion. *Tamez*, 206 S.W.3d at 583. A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). On the other hand, the evidence amounts to no more than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" of fact. *Id.* When determining if more than a scintilla of evidence has been produced, the evidence must be viewed in the light most favorable to the nonmovant. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

[2] In her deposition, Costley states that she stepped on the grapes when she turned to reach for some candy, but her subsequent affidavit states that she stepped on the grapes when she pushed her cart forward to begin placing her groceries on the checkout counter conveyor. Because of our disposition, this discrepancy is immaterial.

but her cart, which was behind her, kept her from falling on the floor. The cashier noticed and called a manager, who came to the scene and had another employee clean up the mashed grapes. Costley could not say how many grapes there were, but she could tell there was more than one from the mess.

The manager asked Costley if she needed any medical assistance, and Costley told her that the man who had driven her would take her to the hospital emergency room. Costley had her groceries checked out, limped out of the store, and went to the hospital. She received treatment for her ankle, which had begun to swell, was sprained and remained swollen for a week, and still bothers her.

Costley contends that her summary-judgment evidence raised a fact issue on H.E.B.'s constructive knowledge that the grapes were on the floor. Proof of constructive knowledge requires that the condition last long enough for the possessor to discover it through reasonable inspection. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102-03 (Tex. 2000). When the plaintiff attempts to prove constructive knowledge through circumstantial evidence, the evidence must establish that it is *more likely than not* that the dangerous condition existed long enough to give the possessor a reasonable opportunity to discover it. *Wal-Mart Stores, Inc. v. Gonzales*, 968 S.W.2d 934, 936 (Tex. 1998). But evidence that supports only the *possibility* that a dangerous condition existed long enough to give the possessor a reasonable opportunity to discover it is insufficient to prove constructive knowledge. *Id.*

Citing a dated plea of privilege case, Costley claims that the proximity of the grapes on the floor to the checker gave H.E.B. constructive knowledge of the grapes.

*See Furr's Super Market v. Garrett,* 615 S.W.2d 280, 281-82 (Tex. Civ. App.—El Paso 1981, writ ref'd n.r.e.), *disapproved by Wal-Mart Stores, Inc. v. Reece,* 81 S.W.3d 812, 816 n.1 (Tex. 2002). But that case and the notion that employee-proximity alone gives constructive notice have been disapproved. *See Wal-Mart Stores, Inc. v. Reece,* 81 S.W.3d 812, 816 n.1 (Tex. 2002); *see also Wright v. Wal-Mart Stores, Inc.,* 73 S.W.3d 552, 555-56 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

In her affidavit, Costley states that there was one person in the checkout line in front of her and that Costley waited fifteen to twenty minutes for that person to be checked out. She states that the person in front of her did not purchase grapes because she "could see the groceries that customer put out on the checkout booth conveyor belt and there were no grapes placed there by that customer or purchased by that customer." But in her deposition, Costley testified she didn't "think" the customer had any grapes, that she spent her time in line observing the magazine rack, and that she did not know how long the grapes had been on the floor.

Costley's evidence supports only the *possibility* that a dangerous condition existed long enough to give H.E.B. a reasonable opportunity to discover it and is insufficient to prove constructive knowledge; such circumstantial evidence from which equally plausible but opposite inferences may be drawn is speculative and thus legally insufficient. *See Gonzales,* 968 S.W.2d at 936; *see also Lozano v. Lozano,* 52 S.W.3d 141, 148 (Tex. 2001) (Phillips, C.J., concurring). Accordingly, Costley's evidence does not rise above the level of mere suspicion, and Costley has failed to raise more than a scintilla of

evidence that H.E.B. had constructive notice of the grapes. *See Wright,* 73 S.W.3d at 555-56. We overrule the first issue.

Costley's second issue asserts that summary judgment was improper because H.E.B. failed to preserve the cash register receipts for the day in question and those receipts would show when grapes were purchased and thus how long they had been on the floor when Costley slipped on them. Costley thus contends that she is entitled to a spoliation presumption that the grapes were on the floor for a sufficient amount of time for H.E.B. to have constructive knowledge. In response to Costley's spoliation assertion, H.E.B. presented evidence that it did not "destroy" the receipts; rather, after two days, its computer system automatically transfers register transactions to a general ledger that shows by code only what products were purchased and their prices. The data showing the transaction times and register information is not retained.

> Spoliation is the improper destruction of evidence, proof of which may give rise to a presumption that the missing evidence would be unfavorable to the spoliator. *Brumfield v. Exxon Corp.,* 63 S.W.3d 912, 919 n.3, 920 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). To raise the spoliation issue, the party seeking the presumption bears the burden of establishing that the alleged spoliator had a duty to preserve the evidence in question. *Wal-Mart Stores, Inc. v. Johnson,* 106 S.W.3d 718, 722 (Tex. 2003). This duty to preserve evidence arises when a party knows or reasonably should know that (1) there is a substantial chance that a claim will be filed, and (2) evidence in its possession or control will be material and relevant to that claim. *Id.* When a party demonstrates an entitlement to a spoliation presumption, the presumption precludes a court from granting a summary judgment. *Aguirre,* 2 S.W.3d at 457.

*Garcia v. Sellers Bros., Inc.,* No. 14-05-00954-CV, 2006 WL 3360473, at *2 (Tex. App.—Houston [14th Dist.] Nov. 21, 2006, no pet.) (mem. op.); *see also Flournoy v. Wilz,* 201 S.W.3d 833, 837-38 (Tex. App.—Waco 2006), *rev'd on other grounds,* 228 S.W.3d 674 (Tex.

2007); *Martinez v. Abbott Laboratories,* 146 S.W.3d 260, 270 (Tex. App.—Fort Worth 2004, pet. denied). Because Costley raised spoliation in the summary-judgment proceeding and the trial court nevertheless granted summary judgment, we presume that the trial court considered and rejected her spoliation allegation because a spoliation presumption would have precluded summary judgment. *See Martinez,* 146 S.W.3d at 269; *Aguirre v. South Tex. Blood & Tissue Ctr.,* 2 S.W.3d 454, 457 (Tex. App.—San Antonio 1999, pet. denied). We review the trial court's decision for abuse of discretion. *See Martinez,* 146 S.W.3d at 269 (citing *Johnson,* 106 S.W.3d at 722-23).

We look at whether Costley met her burden of showing that H.E.B. had a duty to preserve the register receipts for the day in question. She asserts that, because H.E.B.'s manager came to the scene and made an incident report,[3] H.E.B. knew or reasonably should have known that there was a substantial chance that Costley would file a claim and that H.E.B. had evidence in its possession or control that would be material and relevant to that claim.

We begin with the premise that, absent extraordinary circumstances, the mere occurrence of an accident is not sufficient to trigger the duty to preserve. *See Johnson,* 106 S.W.3d at 722 (citing *National Tank Co. v. Brotherton,* 851 S.W.2d 193, 204 (Tex. 1993)). That premise, the circumstances of Costley's accident, and the uncontroverted fact that H.E.B. did not maintain individual register receipts for more than two days and merged

---

[3] That incident report states:
> CUSTOMER CLAIMS SHE "TWISTED BACK AND SIDE WHEN SHE TURNED AROUND FROM LOOKING AT BATTERIES ON PEG STRIP. SAYS THE GRAPES WERE THE REASON FOR HER TWISTING HER FOOT. SHE IS ALREADY LIMPING. H [*sic*] THERE WAS NO OBVIOUS SWEELING [*sic*] IN HER FOOT. IT WAS HER RIGHT ANKE [*sic*].

them into a general ledger in the normal course of business, lead us to conclude that H.E.B. had no duty to preserve the register receipts for the day in question. *See Johnson,* 106 S.W.3d at 723; *Garcia*, 2006 WL 3360473, at *3-5; *Martinez,* 146 S.W.3d at 269-71; *Doe v. Mobile Video Tapes, Inc.,* 43 S.W.3d 40, 55 (Tex. App.—Corpus Christi 2001, no pet.) (videos recorded over in normal course of business and before notice of claim provided no basis for exclusion of evidence based on alleged spoliation); *Aguirre,* 2 S.W.3d at 457 (destruction of records in regular course of business and without notice of their relevance to future litigation did not raise spoliation presumption). Because the trial court did not abuse its discretion, we overrule Costley's second issue.

Having overruled both of Costley's issues, we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed July 29, 2009
[CV06]